## VAN NEST *a.* TALMAGE.

*Supreme Court, First District; General Term, Dec.,* 1863.

PAYMENT.—ACCORD AND SATISFACTION.—MATTER OF DEFENCE.—
REPLY.—RECEIPT.—RELEASE.

Where a debtor and creditor have made an agreement reciting the payment of the debtor's obligation, except a specified sum, an action by the latter to recover that balance is properly brought upon the original obligation, not upon the subsequent agreement.

In an action of a nature which was formerly cognizable at law, the plaintiff is not required to anticipate and avoid matters of defence, and is at liberty to disprove or impeach them, although he has put in no reply.[*]

A receipt or release may be avoided by proof that it was obtained without consideration, or by misrepresentation; or that it has been rescinded by argument.

Appeal from a judgment.

---

[*] *It seems,* however, that he is at liberty to anticipate a defence in some cases. In Wade *a.* Rusher (4 *Bosw.*, 537), it was held that in an action where the setting aside of a release or account stated is necessary to reach the relief sought, the complaint may, after stating the original cause of action, set forth the defence which it is anticipated defendant will interpose, with statements which avoid the defence. So in Thompson *a.* Minford (11 *How. Pr.*, 273), it was held that plaintiff may amend his complaint, in a proper case, by adding allegations necessary to show securities or evidences of debt, taken for the cause of action set out in the original complaint,—*e. g.*, a foreign judgment recovered upon it.

This action was brought by Abraham R. Van Nest, Jr., against Thomas G. Talmage, to recover $8,929.25 as balance due on two bonds given by defendant to Abraham R. Van Nest and assigned to plaintiff. The defence was payment, with accord and satisfaction. The cause was tried before Mr. Justice Clerke and a jury. The defendant obtained the affirmative of the issue, and proved the execution of an agreement of the parties, under seal, dated April 19th, 1845, in which plaintiff accepted certain real estate and securities in payment, "leaving a balance as from the first of May, 1845, A. D., of $3,352.20 secured," &c. Defendant also put in evidence a receipt, as follows: "New York, 23d October, 1846. Rec'd from Thomas G. Talmage, a deed for 640 acres of land in Johnson county, in the State of Illinois; 20 shares of the Exchange Hotel Company stock, of Richmond, Va.; and his note of hand for $200, in full payment of the within agreement; said Talmage agreeing to pay any taxes that may have been imposed on the lands in Illinois, up to and including the year 1845, if any remain unpaid up to that time. Abm. R. Van Nest, Jr." The plaintiff sought, upon various grounds, which sufficiently appear from the opinion, to avoid this receipt.

The defendant had judgment, from which the plaintiff appealed.

*John J. Townsend,* for the appellant.—I. To sustain the defence of payment, no evidence was offered. The defence of a parol accord, and satisfaction of the "bonds and obligations in the complaint mentioned," has never been recognized as valid. (Neal *a.* Sheaffield, *Cro. Jac.,* 254; Preston *a.* Christmas, 2 *Wils.,* 86; Anon., *Cro. Eliz.,* 46; Oliver *a.* Lease, *Cro. Car.,* 86; Kaye *a.* Waghorne, 1 *Taunt.,* 428; Strang *a.* Holmes, 7 *Cow.,* 224; Mitchell *a.* Hawley, 4 *Den.,* 414; Smith *a.* Trowsdale, 3 *El. & Bl.,* 83; Welch *a.* Lynch, 7 *Barb.,* 381.) The defendant has not alleged satisfaction of the condition. The allegation of parol satisfaction of the bond is no defence. (See Hill *a.* Stocking, 6 *Hill,* 277.)

II. No defence was proved to plaintiff's first cause of action. The general expression, that Latson's bond for $8,000 was taken in payment on account, could not, if considered without reference to extrinsic circumstances, outweigh the subsequent speci-

fic recognition of the debt. (See Tobey *a.* Barber, 5 *Johns.*, 68; Coonley *a.* Coonley, *Hill & D. Supp.*, 312; Johnson *a.* Weed, 9 *Johns.*, 310; Noel *a.* Murray, 13 *N. Y.*, 167.) Again: the expression has less weight; for the term payment does not imply "exchange or compromise, accord or satisfaction." (Manice *a.* Hudson River R. R. Co., 3 *Duer*, 426.) When the court refers to the extrinsic circumstances (see Blossom *a.* Griffin, 13 *N. Y.*, 569), it further appears that upon the construction claimed by the defendant the agreement was without consideration.

III. If it be the true construction of the agreement of April 19th, 1845, that the demand against the defendant, on the bond first mentioned in the complaint, was to be satisfied by the receipt of Latson's bond; it was without consideration, and void,— Latson having assumed the payment of the defendant's bond. (Del. & Hudson Canal Co. *a.* Westchester Co. Bank, 4 *Den.*, 97; Burr *a.* Beers, 24 *N. Y.*, 178; Lawrence *a.* Fox, 20 *Ib.*, 268.)

IV. There is no evidence of any satisfaction of the obligation set up as the second cause of action, or of the money due by the condition of it.

V. The paper dated 23d October, 1846, does not prove the receipt of the property referred to in it—so far as the deed of Illinois land is concerned, because it is incompetent evidence to prove the conveyance of land. (Fox *a.* Reil, 3 *Johns.*, 477; Welland Canal Co. *a.* Hathaway, 8 *Wend.*, 480.) And defendant's counsel disclaimed offering it with that view; and as the defendant offered no other evidence of the receipt of the property mentioned in this receipt, there is a failure of proof in this respect.

VI. Plaintiff's exception presents the question, whether it was competent for him to prove that the deed alleged to have been received by him October 23, 1846, was void. (1 *Rev. Stat.*, 70, § 65; Powers *a.* Bergen, 6 *N. Y.*, 358.) The consideration of a receipt is always open to explanation. (Houston *a.* Shindler, 11 *Barb.*, 36; Murray *a.* Gouveneur, 2 *Johns. Cas.*, 438.) A receipt, when set up as an item of evidence, is impeachable on any ground which would have been a good reply to it had it been set up in the answer as a bar to the action. (Graves *a.* Friend, 5 *Sandf.*, 568, 572; McCrea *a.* Purmort, 16 *Wend.*,

460, 473; Stafford *a.* Bacon, 1 *Hill*, 532; Carter *a.* Connell, 1 *Whart.*, 392.) The defendant could not convey trust property to the plaintiff in satisfaction of his private debt. (Briggs *a.* Palmer, 20 *Barb.*, 392, 404; Cruger *a.* Jones, 18 *Barb.*, 467.)

VII. The court erred in excluding evidence showing that defendant had no title to the Illinois land referred to in the receipt, and also evidence of misrepresentation and concealment: also evidence showing that the alleged settlement was rescinded. (Stafford *a.* Bacon, 1 *Hill*, 532; Carter *a.* Connell, 1 *Whart.*, 392.) Fraudulent misrepresentation or concealment, or mutual mistake, will invalidate an ordinary contract. (Belknap *a.* Sealey, 2 *Duer*, 570; 14 *N. Y.*, 143; Daniel *a.* Mitchell, 1 *Story*, 172.) In the case of the satisfaction of a precedent debt, a perfectly good understanding of the matter is essential to make it binding on the creditor and extinguish his original claims. (Galoupeau *a.* Ketchum, 3 *E. D. Smith*, 175.)

VIII. The formal recognition by the defendant of his indebtedness to the plaintiff on the bond, at least entitled him to prove, in connection with it, that the alleged satisfaction was both invalid in its inception and had also been abandoned.

*Livingston K. Miller*, for the respondent.—I. The property referred to in the agreement was taken in payment *pro tanto*. The bond was not cancelled in form, obviously because to do so might impair the mortgage that was collateral to it. It was only kept alive to keep alive the mortgage, but not as a valid debt against Talmage. It will be noted, that leaving Talmage out as a defendant was not an oversight. The plaintiff was earnestly requested by Latson to make him a party. (See Van Nest *a.* Latson, 19 *Barb.*, 604.) How can this be accounted for but from the fact that Van Nest then considered he had discharged Talmage?

II. 1. The alleged facts as to the trust character of the property, the false representations, and the rescission of the settlement, cannot be shown under the issue created by the pleadings, and the complaint is not founded upon the proper instrument. 2. That even if Talmage held title as trustee, not in his own right, his conveyance would be effectual as between himself and third parties, and only raise a question as between

himself and his *cestui qui trust.* 1 Rev. Stat., 730, § 66, expressly covers this case. 3. The plaintiff's offer to show title in Dr. Van Pelt, was inconsistent with his offer to show title in Talmage as trustee, and therefore inadmissible. 4. The offer was properly rejected, and the plaintiff limited to a contradiction of the receipt.

III. The main questions now before the court are, 1. Was the payment of the first and second mortgages, if they were paid, a payment of the collateral, or rather a reduction of it, *pro tanto,* leaving but $3,352.20 due? (See Champney *a.* Coope, 34 *Barb.,* 539; Mead *a.* York, 6 *N. Y.,* 449.) The authorities to sustain the claim of payment, where the agreement in terms recites payment, will be found in Noel *a.* Murray (13 *N. Y.,* 167). Talmage was discharged by not being made a party. A mortgage is the collateral for a bond. The bond is the evidence of debt. So soon as the bondsman or mortgagor ceases to be the owner of the mortgaged property, and it is sold to another who assumes the debt, the new purchaser becomes primarily liable for the debt as the chief debtor, and the original bondsman is but his surety. (Belmont *a.* Coman, 22 *N. Y.,* 440; Halsey *a.* Reed, 9 *Paige,* 446; Curtiss *a.* Tyler, *Ib.,* 432; Burr *a.* Beers, 24 *N. Y.,* 178. See Wheeler *a.* Newbould, 16 *Ib.,* 392; Stearns *a.* Marsh, 4 *Den.,* 227; 4 *Kent's Com.,* 196.) In order to prevent a multiplicity of suits, and to determine the rights of parties, the statute allows a judgment in foreclosure against the mortgagor for deficiency. Impliedly, the only way of obtaining judgment against a mortgagor is by making him a party to the foreclosure, thereby to charge him with the deficiency. It is grossly inequitable to allow a party to come into a court of equity, sell the collaterals without notice to the mortgagor, and then, having deprived him of the opportunity to protect himself at the sale, having taken his property, to bring an action on his bond for deficiency. A court of law will not uphold it in the case of a pledge, and it is not to be presumed that a court of equity will in case of a mortgage. 2. The remaining question is as to the proper exclusion, by the court, of any evidence going to show that the receipt was improperly obtained. The $3,352.20 remaining due, was due on the agreement, which was now a new contract defining the relations of the parties, and liquidating the indebtedness at $3,352.20 secured by said

collateral. This action could not be sustained on the bonds as such; the suit should have been on the agreement, charging the indebtedness of $3,352.20, and seeking to rescind the settlement had under it. But we need not rest the case here. No evidence as to the rescission of the contract was admissible without an offer to surrender the securities, note and stock, and reconvey the land. It was, therefore, properly excluded. (Baker *a.* Robbins, 2 *Den.*, 136; Fisher *a.* Conant, 3 *E. D. Smith*, 199; Voorhees *a.* Earl, 2 *Hill*, 288; Matteawan Co. *a.* Bentley, 13 *Barb.*, 641; Mumford *a.* Am. Life Ins. & Trust Co., 4 *N. Y.*, 463, 482; Hogan *a.* Weyer, 5 *Hill*, 389; Wheaton *a.* Baker, 14 *Barb.*, 594; Fisher *a.* Fredenhall, 21 *Ib.*, 82; Moyer *a.* Shoemaker, 5 *Ib.*, 319; Masson *a.* Bovet, 1 *Den.*, 69.) The decisions on these points are so numerous that I have only selected a few.

IV. Conceding that the evidence offered was improperly excluded, it is evident that on the whole case legal justice has been done the plaintiff, and therefore a new trial should be denied. (Cameron *a.* Irwin, 5 *Hill*, 272, 277.)

*John J. Townsend*, in reply.—I. If a new trial should be granted, and the respondent should be able to show that he has suffered any loss by reason of his not being impleaded in the foreclosure suit, or that he did not, *in fact*, have notice of it, or any similar fact, the respondent would then have an opportunity of raising any question he may think proper, predicated upon the facts he shall prove. For the purposes of this case, there can be no presumption that the respondent has sustained any injury by reason of his not being impleaded as a defendant in the foreclosure suit. In view of the fact that Latson, on the 28th day of March, 1844, purchased the mortgaged premises, and assumed the payment of $8,000, part of the said bond and mortgage, as a part of the consideration money, there is no difficulty or uncertainty in the construction of the agreement.

II. The agreement cancels the second bond and mortgage, reduces the first bond and mortgage to the precise sum assumed by Latson, and leaves Van Nest, the mortgagee *by express recognition*, his personal claim against Talmage; as between the debtors, their liability to the creditor being as follows: 1. The mortgaged premises; 2. Mr. Latson's personal obligation; 3.

Mr. Talmage's personal obligation. A satisfactory reason why Mr. Talmage was not impleaded in the foreclosure suit may be given, should it become necessary. There is no evidence of any refusal to include him in that action, and the supposition that he was omitted at his own request, is as probable as any other.

III. The effect of the receipt is not to vest, pass, or extinguish any right. It was merely offered on the trial as an item of evidence, to prove a state of facts which the defendant claimed amounted to an accord and satisfaction. Under these circumstances, the authorities are clear that it is not merely susceptible of contradiction or explanation, but is impeachable on any ground which would have been a good reply to it, had it been set up in the action as a bar to the action. (Graves *a.* Friend, 5 *Sandf.*, 568, 572; McCrea *a.* Purmort, 16 *Wend.*, 460, 473; Stafford *a.* Bacon, 1 *Hill*, 532; Dolsen *a.* Arnold, 10 *How. Pr.*, 528; Carter *a.* Connell, 1 *Whart.*, 392.)

LEONARD, J.—The agreement of April 19th, 1845, was a full and valid discharge to the defendant from all personal liability to the plaintiff, on the obligation therein recited, except for the balance of $3,352.20, which was to be considered as the amount due May 1, 1845.

The transaction proven by the receipt of Oct. 23d, 1846, *prima facie* discharged that balance.

The plaintiff was correct in his practice by commencing his action upon the bonds of the defendants, and not upon the agreement of April 19th, 1845, or for the purpose of setting aside the receipt of Oct., 23d.

Under the system of pleading established by the Code of Procedure, no reply is required to an answer setting up payment, or accord and satisfaction, or any other matter, unless it constitutes a counter-claim.

Formerly, a reply would have been necessary to a plea of payment or of accord and satisfaction, setting up a denial or whatever matter existed which constituted an answer to the plea. But no system of pleading, either under the Code or before it, required a plaintiff, in a common-law action, to set up in his complaint any matter which the defendant might by possibility urge as an answer to the claim, or to show in the com-

plaint that any anticipated defence was not available to the defence. If a release or accord and satisfaction has been obtained by fraud, the plaintiff is under no obligation to anticipate, by his complaint, that the defendant will set up such a defence.

In the present case, the defendant knew of what the evidence consisted, to make out his defence; and he cannot pretend to be surprised, when he is required to be prepared at the trial with all the testimony necessary to maintain its validity, in case it should be assailed.

The judge erred at the trial, in excluding the evidence offered to prove that the transaction mentioned in the receipt of Oct. 23d, 1846, was fraudulent or void as against the plaintiff, or that it had been rescinded. It may be true, as the defendant insists, that the evidence offered would not amount to a full answer to his defence; but assuming the most favorable light of the case for him, the evidence must be admitted and considered, before its value can be ascertained. The evidence offered constituted a full answer to the defence arising out of the transaction of Oct. 23d, 1846, and the questions addressed to the defendant while on the stand as a witness ought to have been admitted. Should the plaintiff fail in establishing that he acquired no title to the land in Illinois from the defendant, or that the defendant, in fact, afterwards rescinded the alleged settlement, the defence would remain unimpaired; but the value of the evidence cannot be considered now, because the plaintiff has been deprived of an opportunity to bring it before the court.

There must be a new trial, with costs to the plaintiff, to abide the event, and the judgment now entered must be reversed.

SUTHERLAND, P. J.—I concur in the result, that the judgment should be reversed and a new trial ordered.

BARNARD, J.—I concur.