BESSIE S. SHEAR, Plaintiff, *v.* WILLIAM H. HEALY, as Administrator, Defendant.

Supreme Court, Schenectady County, July, 1923.

Landlord and tenant — lease — option in lessee to terminate lease upon enactment of prohibition laws — tenant may not exercise option three years after the enactment of the Federal Prohibition Law — action for rent — judgment on the pleadings.

Where time is not the essence of the contract performance within a reasonable time is sufficient, and where there is no dispute as to the facts the question of what constitutes reasonable time is purely one of law.

Defendant's intestate leased from plaintiff's predecessor in title on June 14, 1916, a hotel for ten years from the 1st day of July, 1916. The lease provided: " that in the event that the Federal or State Legislature, or the municipal authorities of the City of Schenectady, should pass any law which would interfere with the traffic in liquors at said premises at any time during the term of this lease, then, and in that event, the party of the second part shall have the right, at his election, to terminate said lease upon giving at least ninety (90) days written notice to the parties of the first part." Defendant's intestate died April 11, 1918. Plaintiff became the owner of the property on January 14, 1922. The Federal Prohibition Law went into effect in November, 1919. Defendant claiming to act under the clause of the lease above referred to gave plaintiff ninety days written notice of his intention to terminate the lease on December 28, 1922. Plaintiff in an action for rent moves for judgment on the pleadings, contending that defendant's right to exercise the option is barred because of his failure to take advantage of it at the time the prohibition act went into effect. Defendant contends that the option was exercisable by him at any time after the act took effect during the term of the lease. *Held,* that the exercise of the option over three years after the happening of the condition was too late; that the power of cancellation was not intended to be a continuing right existing during the entire period of the lease after the enactment of the law, and plaintiff's motion for judgment on the pleadings is granted.

MOTION by plaintiff for judgment on the pleadings.

*Alvah Fairlee,* for plaintiff.

*Naylon, Robinson, Maynard & Bates,* for defendant.

ANGELL, J. On June 14, 1916, defendant's intestate made a written agreement with plaintiff's predecessors in title whereby he leased the premises known as the Crown Hotel in the city of Schenectady for a term of ten years from the 1st day of July, 1916. Defendant's intestate died April 11, 1918, and letters of administration were issued to defendant November 14, 1918. On January 14, 1922, plaintiff became and still continues the sole owner of the demised premises. The lease contained the following clause:

" *It is further agreed,* that in the event that the Federal or State Legislature, or the municipal authorities of the City of Schenectady, should pass any law which would interfere with the traffic in liquors at said premises at any time during the term of this lease, then, and in that event, the party of the second part shall have the right, at his election, to terminate said lease upon giving at least ninety (90) days written notice to the parties of the first part."

The National Prohibition Law went into effect in part October 28, 1919, and the act as a whole on January 16, 1920. On December 28, 1922, defendant, claiming to act under the cancellation clause just quoted, gave plaintiff ninety days' written notice of his intention to terminate the lease and to surrender possession of the premises on or before April 1, 1923.

The action is in form one to recover rent, and plaintiff's motion brings up for determination the question as to the right of the

defendant under the cancellation clause to give notice of his election to terminate the lease at the time he did, over three years after the Prohibition Law went into effect. Plaintiff contends that defendant's right to exercise the option is barred because of his failure to take advantage of it at the time the Prohibition Act came into being. Defendant, on the contrary, contends that under the clause in question the option was exercisable by him at any time after the act took effect, during the term of the lease.

It is apparent from the cancellation clause that the parties to the lease contemplated the possibility, or probability, of the passage of a prohibition act which might affect the rental value of the demised premises. It is natural to infer that the clause in question, contemplating such a probability, was inserted at the request of the lessee, defendant's intestate. The parties fixed the time in the lease when the privilege of cancellation should become available to the lessee. They specified that if such act were passed during the term of the lease, " then, and in that event " the lessee should have the right at his election to terminate the lease upon ninety days' notice. If the parties had known the date when the prospective prohibition law would go into effect, they presumably, in view of the provisions of the lease, would have said, " upon October 28, 1919, when the prohibition act will be passed, the lessee shall have the option of cancelling the lease," upon the specified notice. That was the " then," and that was the " event," referred to in the cancellation clause. The time was fixed as definitely and specifically as the parties could fix it. They could not read the future. They could not know the date the act would be passed, if it were to be passed at all, during the time of the lease.

Time, however, is not of the essence of a contract unless there is a specific provision to that effect, or unless the circumstances and conditions clearly indicate the intent of the parties that it shall be. Where time is not of the essence, performance within a reasonable time is sufficient. This is true when no time at all is fixed for the performance of a contract, such as for the conveyance of land. *Wiswall* v. *McGown,* 2 Barb. 270. When there is no dispute as to the facts, the question of what constitutes reasonable time is purely one of law. *Roth* v. *Buffalo & State Line R. R. Co.,* 34 N. Y. 548, 553. What has been held to be reasonable time under various circumstances and conditions is set forth at length in 33 Cyc. 1567.

If, then, it be assumed that the obligation was upon defendant to give notice of his election to terminate the lease within a reasonable time after November, 1919, it seems clear, too clear to require either argument or citation of precedent, that a notice

served over three years after the happening of the condition prerequisite is too late. Defendant, inferentially, perhaps, concedes this by contending that the notice to rescind may be given by him at any time before the expiration of the lease. This is not sound. It is equivalent to making the lease, after the passage of the prohibition act, an option which bound plaintiff for the full period, but which defendant might terminate at any time upon ninety days' notice. It does not seem possible that this was in contemplation of the parties. The power of cancellation was not intended to be a continuing right existing during the entire period after the enactment of the law, which, as the event showed, was seven years. The situation is not different than it would be if the lease had happened to be for ninety-nine years, with the same provision. In that event the lease would have had ninety-six years to run after the passage of the act. If defendant's contention is tenable, he at any time during that ninety-six years would have the privilege of canceling the lease upon ninety days' notice, whereas plaintiff would be continuously bound for the whole period. That is not in accord with law or reason.

Plaintiff's motion for judgment on the pleadings is, therefore, granted.

Ordered accordingly.