BESSIE S. SHEAR, Respondent, v. WILLIAM H. HEALY, as Administrator, etc., of GEORGE MALING, Deceased, Appellant.

Third Department, March 5, 1924.

Landlord and tenant — action for rent of hotel due under lease — defense that defendant terminated lease pursuant to provision therein that he might terminate it in event of legislation interfering with traffic in liquor on premises — defendant did not elect to terminate lease until about three years after Volstead Act became effective — language of lease not such as to require immediate exercise of option to terminate — defendant not guilty of laches — judgment on pleadings improperly granted — complaint states cause of action.

Judgment for the plaintiff on the pleadings was improperly granted in an action for rent of a hotel due January 1, 1923, under a lease for a term of ten years from July 1, 1916, where the defense was that the rent was paid by reason of the plaintiff's having moneys of the defendant on deposit to cover three months' rent, and that the defendant had elected to terminate the lease pursuant to a provision therein that in case any law should be passed interfering " with the traffic in liquors at said premises at any time during the term of this lease, then, and in that event, the party of the second part shall have the right, at his election, to terminate said lease upon giving at least ninety (90) days' written notice to the parties of the first part," although it appears that the defendant did not serve notice until December 28, 1922, about three years after the Volstead Act became effective.

The word " then " contained in said provision of the lease must be construed to
   have been inserted to point out or emphasize a contingency or event rather
   than to indicate that the option must be exercised at a precise time.
Under the circumstances it cannot be said as a matter of law that the mere lapse
   of three years was an undue delay rendering the defendant guilty of laches.
The complaint sets forth facts sufficient to constitute a cause of action.
COCHRANE, P. J., dissents on opinion of Trial Term.

APPEAL by the defendant, William H. Healy, as administrator,
etc., from an order of the Supreme Court, made at the Schenectady
Trial Term and entered in the office of the clerk of the county
of Schenectady on the 2d day of August, 1923, granting plaintiff's
motion for judgment on the pleadings, and also from a judgment
entered in said clerk's office on the same day, pursuant to said order.

*Naylon, Robinson, Maynard & Bates* [*Daniel Naylon* of counsel],
for the appellant.

*Alvah Fairlee,* for the respondent.

HINMAN, J.:

This action was instituted in the Supreme Court to recover
$400 rent due January 1, 1923, under a certain lease of property,
known as the Crown Hotel, located in the city of Schenectady.
This lease was for a term of ten years from July 1, 1916, and pro-
vided for payment of rent on the first day of each and every month
in advance.  The defendant by his answer admits all the allega-
tions of the complaint except that he owes the rent in question
and sets forth under separate defenses that he has paid the rent
for the month of January, 1923, by reason of the plaintiff's having
on deposit moneys of the defendant to cover three months' rent;
and that, pursuant to a certain clause in said lease, the defendant
had the right to terminate said lease on ninety days' notice; and
that he had served such notice on December 28, 1922.  In other
words, the defense of the defendant is that a portion of such
moneys on deposit under one clause of the lease constituted the
payment of the rent for the month of January, 1923, because he
had exercised his option to terminate said lease under another clause
thereof.  It is conceded that the sole question at issue on this
appeal involves the construction of the latter clause in said lease,
namely, whether or not at that time the defendant had a right to
terminate the lease on a ninety days' notice.  When the case came
on for trial the plaintiff moved for judgment on the plead-
ings on the ground that the defense set forth in the answer
was insufficient in law.  The motion was granted and from the
order and judgment entered thereon the defendant appeals.

   The clause of the lease giving the defendant the right to terminate

the lease provided as follows: " It is further agreed, that in the event that the Federal or State Legislature, or the municipal authorities of the City of Schenectady, should pass any law which would interfere with the traffic in liquors at said premises at any time during the term of this lease, then, and in that event, the party of the second part shall have the right, at his election, to terminate said lease upon giving at least ninety (90) days' written notice to the parties of the first part."

The Federal law known as the National Prohibition Act (41 U. S. Stat. at Large, 305, chap. 85) and also as the Volstead Act was passed in October, 1919, and finally became effective on January 16, 1920. (See *Dillon* v. *Gloss*, 256 U. S. 368, 376.) On December 28, 1922, after a period of about three years from the happening of the contingency indicated in the lease, the defendant elected to terminate the lease. It is apparent that the parties contemplated that the passage of a prohibition law might affect the rental value of the premises to the disadvantage of the tenant. The most natural inference is that the clause was placed in the lease for the benefit of the lessee. The nature of this option does not seem to be such as to make the time of exercising the option of vital importance to the landlord. Time is not of the essence of a contract unless the parties have in terms made it so. The parties provided that in the event that any law should be passed interfering with the traffic in liquors during the term of the lease, " then, and in that event," the lessee should have the right at his election to terminate said lease upon ninety days' notice. " The word ' then,' although in a strictly grammatical sense an adverb of time, is nevertheless often used for the purpose of denoting an event or contingency, and is equivalent to the words, ' in that event,' or ' in that case.' Such is often its popular signification, and in this sense it is frequently used in legal instruments, to designate limitations of estates, or future contingencies on which they are made to depend. When thus employed, it becomes a word of reference, and does not indicate any particular point of time." (*Hall* v. *Priest*, 72 Mass. 18, 24. See, also, *Beauclerk* v. *Dormer*, 2 Atk. 308; *Barker* v. *Southerland*, 6 Dem. 220; *Pintard* v. *Irwin*, 20 N. J. Law, 497, 505.) In the case last cited the phrase used was " then and in that case." The court held that the word " then " was used by the parties as denoting an event or contingency and was not used as an adverb of time. We think the word " then " as used in the clause in question was inserted to point out or emphasize a contingency or event rather than to indicate that the exercise of the option was conditioned upon an election to be made at a precise time, namely, the date such a law became effective.

Where, however, time is not of the essence, it is generally true that an unreasonable lapse of time may be fatal. An accrued right may be lost under familiar principles of waiver, laches, estoppel or election. (Williston Cont. chap. 24.) The necessary conditions under which such principles may be invoked cannot be assumed to exist. So far as we can see from the pleadings in this case, the plaintiff has been benefited rather than injured by the delay of the defendant to exercise his option. There are no allegations as to circumstances tending to indicate an inexcusable delay to the injury of the plaintiff, occasioned either by word or conduct of the defendant. In such a case we cannot say, as a matter of law, that the mere lapse of three years was an undue delay. Moreover, if we may consider any extrinsic facts in determining from the pleadings what would constitute unreasonable delay in this case, it would be to take judicial notice of the fact that the constitutionality of the said Volstead Act was tested in the courts and that its validity was finally upheld only after a somewhat protracted litigation. We might also take judicial notice of the legislative efforts which have been persistently made and which are still being continued, seeking the modification of the said Volstead Act, which, if successful, might have materially affected the value of this lease to the defendant. We may also assume that the defendant was entitled to a reasonable opportunity to fully try out the new conditions that confronted the defendant.

" If plaintiff needs the aid of an estoppel, not to establish his cause of action, but only to avoid new matter set up by defendant as constituting a defense, he may prove the facts which raise the estoppel, although he has not pleaded them." (2 Abb. Tr. Br. [2d ed.] 1447; *Metropolitan Life Ins. Co.* v. *Meeker,* 85 N. Y. 614; *Kornhauser* v. *Ulin,* 175 N. Y. Supp. 700; *Van Nest* v. *Talmage,* 17 Abb. Pr. 99.) The complaint sets forth facts sufficient to constitute a cause of action and, therefore, should not be dismissed. We cannot anticipate what the plaintiff may prove in rebuttal or avoidance of the separate defenses set up in the answer.

There should be a new trial, with costs to the appellant to abide the event, and the judgment and order should be reversed.

All concur, except COCHRANE, P. J., dissenting on the opinion of the Trial Term. [See 121 Misc. Rep. 218.]

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.