WACIL BIBLE, Respondent, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASS-ACHUSETTS, Appellant.

(Argued May 21, 1931; decided June 2, 1931.)

*Thomas McCall* and *Frederick C. Tanner* for appellant. Despite the knowledge of an agent of breach of conditions of an insurance policy or misrepresentations as to material matters in the application therefor, the insured, the company and the beneficiary are bound by the terms of the instrument. (*Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Bollard* v. *New York Life Ins. Co.*, 228 N. Y. 521; *Satz* v. *Mass. Bonding & Ins. Co.*, 243 N. Y. 385; *Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480; *Grubiak* v. *John Hancock Mut. Life Ins. Co.*, 212 App. Div. 126.) The breach of the terms and conditions of the policy rendered the instrument void. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461; *Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Doherty* v. *Mut. Life Ins. Co.*, 166 N. Y. Supp. 838; *E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Malchak* v. *Metropolitan Life Ins. Co.*, 134 Misc.

Rep. 640; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18.)

*Charles E. Doyle* and *John J. Finn* for respondent. The provisions of the policies in suit are not warranties, nor even representations, of or by the insured, but mere conditions precedent. (*Archer* v. *Equitable Life Assn.*, 218 N. Y. 18; *Satz* v. *Mass. Bonding & Ins. Co.*, 243 N. Y. 385; *McClelland* v. *Mut. Life Ins. Co.*, 217 N. Y. 336; *Chinnery* v. *Met. Life Ins. Co.*, 112 Misc. Rep. 109.) There can never be any element of fraud or misrepresentation, material or otherwise, involved where neither the application nor a copy thereof is attached to or indorsed upon the policy when issued or delivered. (*Archer* v. *Equitable Life Assn.*, 218 N. Y. 18; *Satz* v. *Mass. Bonding & Ins. Co.*, 243 N. Y. 385.) The policy language relied upon as a defense constituted mere conditions precedent and not warranties nor representations; and they were all the subject of waiver by the defendant. (*McClelland* v. *Mutual Life Ins. Co.*, 151 App. Div. 264; 217 N. Y. 336; *Ames* v. *Ins. Co.*, 40 App. Div. 465; *Satz* v. *Mass. Bonding & Ins. Co.*, 243 N. Y. 385; *Chinnery* v. *Metropolitan Life Ins. Co.*, 112 Misc. Rep. 109.)

CARDOZO, Ch. J. The defendant issued two policies of insurance, each in the sum of $400, upon the life of Anna Bible, payable at her death to her husband, the plaintiff.

Anna Bible was a patient in Hudson River State Hospital, a sufferer from a " manic depressive psychosis." An agent for the defendant visited her in the hospital and procured her signature to applications for insurance. Later he handed her the policies in the presence of her husband, received payment of the first premium, and at weekly intervals thereafter collected additional premiums at the hospital for a period of three months, the premiums thereafter being collected by another.

Upon the death of the insured, about a year and eight

months after the delivery of the policies, there was filed with the insurer a proof of claim in due form exhibiting the condition of her health at the time of the delivery of the policies and earlier. The insurer disclaimed liability upon the ground that the policies had been avoided by the breach of two conditions.

The two conditions are the following:

" This policy shall not take effect unless upon its date the insured shall be alive and in sound health and the premium duly paid."

" This policy shall be void  *  *  *  if the insured * * * has attended any hospital, or institution of any kind engaged in the care or cure of human health or disease, or has been attended by any physician, within two years before the date hereof, for any serious disease, complaint or operation * * * unless each such * * * medical and hospital attendance and previous disease is specifically waived by an endorsement in the space for endorsements on page 4 hereof signed by the secretary."

The policies contain also the following general provision as to alterations, erasures and waivers:

" No modification, change or alteration hereof or endorsement hereon will be valid unless signed by the President, a Vice President, the Secretary or an Assistant Secretary, and no other person is authorized on behalf of the company to make, alter or discharge this contract or to waive forfeiture.  Agents are not authorized to waive any of the terms or conditions of this policy or to extend the time for payment of premiums or other moneys due to the company, or to bind the company by making any promise not contained in this policy."

Upon the defendant's disclaimer of liability this action was begun.  The jury were instructed that the breach of the conditions might be found to have been waived if the defendant had knowledge through its agent of the state of health of the insured and of her confinement in the hospital when the policies were issued and the

premiums accepted. The jury gave a verdict for the plaintiff, and the Appellate Division affirmed by a divided court.

Section 58 of the Insurance Law (Cons. Laws, ch. 28) provides that "every policy of insurance issued or delivered within the State on or after the first day of January, 1907, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, bylaws, rules, application or other writings unless the same are endorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties" (*Minsker* v. *John Hancock M. L. Ins. Co.*, 254 N. Y. 333). The defendant procured applications from the insured, but did not attach them to the policies. What was in them we do not know, and we must act as if they had never been. In such circumstances *Satz* v. *Massachusetts Bonding & Ins. Co.* (243 N. Y. 385), *Stanulevitch* v. *St. Lawrence Life Assn.* (228 N. Y. 586), and *Drilling* v. *N. Y. Life Ins. Co.* (234 N. Y. 234) do not touch the case at hand except by pointing a distinction. There is here no warranty of health (*Stanulevitch* v. *St. Lawrence Life Assn., supra; Bollard* v. *N. Y. Life Ins. Co.*, 228 N. Y. 521; *Satz* v. *Massachusetts Bonding & Ins. Co., supra*); nor warning, extrinsic to the policy, of a limitation on the apparent authority proper to an agent (*Drilling* v. *N. Y. Life Ins. Co., supra*, at p. 242). In the absence of warranty or warning, the delivery of the policies by the insurer, and the keeping of the premiums with knowledge of a then existing breach of the conditions as to the health of the insured and her treatment in a hospital gave rise to a waiver or, more properly, an estoppel (*Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39; *Satz* v. *Massachusetts Bonding & Ins. Co., supra*, at p. 390; *McClelland* v.

*Mutual Life Ins. Co.*, 217 N. Y. 336; *Ames* v. *Manhattan Life Ins. Co.*, 40 App. Div. 465; 167 N. Y. 584; Vance on Insurance [2d ed.], 461, 496). If the insurer desired to overcome the effect of the estoppel, it should have annexed applications with appropriate recitals of notice and assent.

The question remains whether the agent to whom knowledge was imparted was so related to the defendant as to charge it with his knowledge. As to this our decision in *McClelland* v. *Mutual Life Ins. Co.* (*supra*) must be held to be conclusive. Here, as there, the agent was more than a soliciting agent (*McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447, 457). He was that, but much besides. He was authorized not only to solicit applications, but to make delivery of the policies, and upon delivery and afterwards to collect the weekly premiums. So, at least, it may fairly be inferred from the evidence of his conduct and from the failure of the defendant to prove anything to the contrary (*Forward* v. *Continental Ins. Co.*, 142 N. Y. 382, 389). If at the time of delivery and the collection of the premium, he was informed that the insured was in a hospital and ill, he was under a duty to communicate to his employer the information thus acquired (*McClelland* v. *Mutual Life Ins. Co.*, *supra;* Vance, Insurance, pp. 413, 419, 518, 520). The employer with that knowledge retained the premiums as its own.

In holding that notice to the agent was notice to the principal, we are not unmindful of the limitations in the policies upon his authority to waive. They do not touch the case at hand. The insured became chargeable with notice, upon the acceptance of the policies, that there was no authority in the agent to waive the breach of a condition coming to his notice after a policy had been delivered as a contract presently existing (*Drilling* v. *N. Y. Life Ins. Co.*, *supra*). She was not chargeable with notice that the limitation would apply by retroaction so

as to nullify a waiver or estoppel having its origin in conduct antecedent to the contract (*Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39, 43, and cases cited; *Wood* v. *American Fire Ins. Co.*, 149 N. Y. 382, 386; *Drilling* v. *N. Y. Life Ins. Co.*, *supra*). Section 58 of the Insurance Law has not changed the rule in that behalf. No doubt, the occasions for the recognition of the rule are likely to be more infrequent since the adoption of the statute than they were in former years. To-day, the restriction upon the authority of the agent and the manner of its exercise is commonly stated in the application signed by the insured. Controversy is foreclosed if the application is annexed. Here it was not annexed, and notice of the limitation, if imparted, must be proved in some other way. In these circumstances, whatever would have been effective before the adoption of the statute to charge the defendant with an estoppel through notice to its agent, must be equally effective now. The purpose of section 58 of the Insurance Law in requiring the whole contract to be stated in the policies, and not pieced out by documents included by mere reference, was not the relief of the insurer. It was the protection of those insured and of the beneficiaries claiming under them. The Legislature had no design to make their situation harder. We think the effect of an estoppel remains what it has always been, and that in the absence of notice to the contrary either in the application or otherwise, what is known to an agent with apparent authority to issue an effective policy is known also to the company.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.