PAOLO SALAMIDA, Plaintiff, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Defendant.

Supreme Court, Broome County, July 20, 1933.

*Hinman, Howard & Kattell* [*Morris Gitlitz* and *Thomas H. Fogarty* of counsel], for the plaintiff.

*Jenkins, Deyo & Hitchcock* [*Israel T. Deyo* and *Charles W. Turner* of counsel], for the defendant.

McNAUGHT, J. The defendant issued two so-called industrial policies of life insurance, each for $250, upon the life of Angelina

Salamida on the 25th day of February, 1931. Each of said policies was payable at death of the insured to her husband, the plaintiff in this action. The insured died on March 17, 1932. The policies were issued after solicitation by one Frate, an agent of defendant, who solicited insurance, delivered policies and made weekly collections of premiums. For some period of time prior to the application by the insured, Frate had been making weekly visits to her home, collecting the premiums due on policies issued to the plaintiff here and to his mother. Frate was acquainted with the family for some time prior to making such collections. The agent solicited the insurance upon several occasions prior to the actual signing of the applications. He made out the applications, delivered the policies to the insured, and after delivery, made the greater part of the weekly collections. Upon the death of the insured, representatives of the defendant made out proofs of loss under the policies in the form prescribed by defendant. These proofs of loss were signed by the plaintiff. They indicated the insured's condition of health before and subsequent to delivery of the policies. The defendant refused payment and disclaimed liability, upon the ground the policies had been avoided by the breach of two conditions.

The policies contained, among other things, the following provisions, which by their terms, were made a part of each policy contract: " This policy shall not take effect unless upon its date the Insured shall be alive and in sound health and the premium duly paid."

" Policy when void. This policy shall be void: (1) if the Insured has been rejected for insurance by this or any other company, society or order; or has attended any hospital, or institution of any kind engaged in the care or cure of human health or disease, or has been attended by any physician, within two years before the date hereof, for any serious disease, complaint or operation; or has had before said date any pulmonary disease, cancer, sarcoma or disease of the heart or kidneys; unless such rejection, medical and hospital attendance and previous disease is specifically waived by an endorsement in the space for endorsements on Page 4 hereof signed by the Secretary; * * *."

" Proof of claim. In case of death of the Insured, proofs of claim shall be made on blanks to be provided by the Company and shall contain full answers of the claimant, physician and other persons to all the questions asked therein and shall conform to all the requirements thereof."

The defendant alleged that the policies never had any legal inception under the terms thereof, in that the insured at the time of the issuance and of the delivery of the policies was not in sound

health, but was suffering from chronic nephritis, and further, that the insured had in fact, within two years prior thereto, attended a hospital and been treated by a physician for chronic nephritis, which decease subsequently caused or was a contributing cause of her death, and that such conditions were not waived by an indorsement on the policies signed by the secretary as therein provided.

The complaint alleged that the policies at the time of the death of the insured, were "in all respects, in full force, virtue and effect. * * * That the plaintiff herein and the said insured duly performed all the conditions of said contract of insurance on their part or on the part of either of them to be performed."

The position of the plaintiff upon the trial was that the conditions of the policy hereinbefore quoted had been waived by the defendant, and he offered proof to that effect, to the reception of which proof defendant objected. The correctness of the ruling is one of the questions vigorously argued upon this motion. By consent, the decision of the motions was held in abeyance and the questions of fact submitted to the jury. The verdict of the jury was in favor of the plaintiff. Defendant then made a motion to set aside the verdict, under section 549 of the Civil Practice Act, and such motion is also here for determination.

The questions presented upon these motions are not free from doubt. The court has had the assistance of most able and exhaustive briefs from counsel for both parties. The questions have been presented with a wealth of legal learning and the most voluminous citation and quotation of authorities.

It is urged by the defendant that the motions for nonsuit and for direction of a verdict in favor of the defendant should be granted; first, on the ground that plaintiff failed to prove facts sufficient to establish a cause of action; second, on the ground that the court erred in receiving evidence on the part of plaintiff as to what occurred at the time the application was taken by the agent Frate and the subsequent statements of such agent, and of those facts which plaintiff claims establish an estoppel or waiver on the part of the defendant.

It is urged that the motion to set aside the verdict should be granted if the motion for non-suit or for direction of a verdict is denied; first, because of errors in the charge of the court; and second, for the reason the verdict is against the weight of the evidence.

A question of fact was clearly presented for the determination of the jury, unless the court erred in receiving the testimony which the plaintiff claims established waiver or estoppel. We will, therefore,

first address ourselves to this question, which, if decided in favor of the defendant, disposes of the entire matter.

Counsel for the defendant urge with considerable force that the plaintiff having alleged the insurance contracts were in full force and effect, thereby rested upon the entire contract, and that it was not competent for the plaintiff to prove any facts tending to establish the entire contract was not in full force and effect. Many authorities are cited, sustaining, or tending to sustain this position. No good purpose could be served at this time by extending this memorandum by reference to and analysis of such authorities. Generally speaking, the major portion of the authorities cited were decided prior to the liberalization of the rules relative to pleadings.

After giving due consideration to the authorities cited by counsel for both parties, it is our opinion the allegations of the answer set up new matter as a defense; that such new matter did not require a reply, although the defendant could have moved for an order directing the plaintiff to reply to the new matter, which the court might have granted in its discretion. (Civ. Prac. Act, § 274.) The allegations of the answer being in our opinion new matter, were to be deemed controverted by the plaintiff by traverse or avoidance, as the case required. (Civ. Prac. Act, § 243.) Under such circumstances, it seems to us it could properly be held the evidence as to waiver or estoppel by plaintiff was competent.

" All that was required in the complaint was the allegation of facts, which, if undisputed, would make out a cause of action, and when the answer set up facts which if true would destroy that cause of action, plaintiff was not bound to reply, but could meet them on the trial by proof in rebuttal or avoidance." (*Metropolitan Life Insurance Company of the City of New York* v. *Meeker*, 85 N. Y. 614, 615.)

" The allegation of new matter in the answer was deemed to be controverted by traverse. ' An allegation of new matter in the answer to which a reply is not required   *   *   *   is deemed to be controverted by the adverse party, by traverse or avoidance, as the case requires.' (Civil Practice Act, § 243; *Cleary* v. *Municipal Electric Light Co.*, 19 N. Y. Supp. 951; affd., on opinion below, 139 N. Y. 643; *Wilcox* v. *American T. & T. Co.*, 176 id. 115.) " (*Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75, 78.) (See, also *Black Co.* v. *London Guarantee & Accident Co., Ltd.*, 190 App. Div. 218; affd., 232 N. Y. 535; *Shear* v. *Healy*, 208 App. Div. 269, 272; *Telford* v. *Metropolitan Life Insurance Co.*, 223 id. 175, 177; affd., 250 N. Y. 528.)

Even if the court were to hold upon the pleadings as they then stood, the admission of the evidence was questionable, this court or

an appellate court, could amend the pleadings to conform to the proof, in the interests of justice, the defendant not having been misled or prejudiced. (Civ. Prac. Act, §§ 105, 109, 434; Rules Civ. Prac. rule 166.)

There was no element of surprise to the defendant present on the trial of this issue. The defendant was prepared upon the issue of waiver and estoppel, and its witnesses were in court and were sworn. It is not contended by counsel for defendant but what he was fully cognizant of the position of plaintiff, and knew that in reference to the clauses in question plaintiff intended to rely on proof of estoppel.

It seems to the court, however, that irrespective of all other considerations, the question is somewhat academic, owing to the fact that counsel for the defendant on cross examination of the plaintiff, who was the first witness sworn, brought out the facts. Counsel identified by the witness the proofs of loss; he identified the physician's certificate of death; he interrogated the plaintiff as to the illness of insured from kidney trouble; as to the doctors who attended the insured; that the insured was in a hospital, and relative to the facts set forth in the proofs of loss and death certificate. It was then clearly competent for the plaintiff to proceed with testimony giving his version of the facts which created the estoppel. Certainly, after defendant's counsel had interrogated the witness as to all of those elements upon which he relied to establish the avoidance of the policies, plaintiff could not be held to strict adherence only to his allegation that the contract was in full force and effect, but was entitled to give testimony and submit proof showing facts constituting estoppel to claim that the facts disclosed by the examination of defendant's counsel did not preclude recovery.

In a recent case in which was discussed the power of the court to amend pleadings upon the trial, language was used applicable to this case, although no amendment was here made. "Forms of pleading and procedure were originally devised as an aid to the administration of justice. They defeat their purpose when they result in an inflexible formalism. Each extension of the power to amend pleadings results in greater flexibility in the administration of justice. When that power shall be exercised rests in the discretion of the court." (*Harriss* v. *Tams*, 258 N. Y. 229, 239, 240.)

It is, therefore, our opinion that the testimony in question was competent and it was not error to receive it.

The defendant urges that even with the testimony bearing upon estoppel, plaintiff failed to establish facts sufficient to constitute a cause of action. The court of last resort seems to have held to the contrary. (*Bible* v. *John Hancock Mut. Life Ins. Co.*, 256 N. Y. 458; motion for reargument denied, 257 id. 543.) The policies

involved are practically identical. The provisions relied upon to defeat recovery are the same. The character of the agent's authority is similar. The facts are more than analogous. It would be difficult to find issues so nearly identical. The court of last resort has held under the circumstances disclosed, an estoppel was created to urge the same clauses as are urged here as precluding recovery. The astute and learned counsel for defendant seeks to differentiate and distinguish the case, to urge the court did not pass upon questions here involved; that the manner in which the case was tried and presented on appeal indicates failure to consider all phases of the issue. We must conclude the Court of Appeals did not fail to give full consideration to all questions, particularly in view of the manner in which the motion for reargument was submitted to the Court of Appeals, on which motion briefs were received from other similar insurers interested in the determination. Practically all of the reasons urged by counsel here were urged upon the Court of Appeals on such motion.

Under the decision in the *Bible* case, the defendant here is estopped, the jury on conflicting testimony, having found there was a waiver, with knowledge on the part of the agent imputed to the defendant. The policies are self-contained. (Insurance Law, § 58.) There are no warranties or representations, as the application is not attached. It was held that in the absence of warranty the delivery of the policies by the insurer and the keeping of the premiums with knowledge of an existing breach of conditions, gave rise to an estoppel. The proof here on the part of the plaintiff was in substance to the effect that the agent Frate repeatedly solicited the insured to take out insurance; that she informed him she could not, because she had kidney trouble; that he persisted and finally she agreed to take insurance; that the agent wrote the applications with knowledge the insured had a physical condition which precluded the issuance of the policy; that the agent subsequently made statements to other witnesses to the effect that insured seemed healthy at the time and he thought she would outlive the two year period when the policy would be incontestable. For a period of nearly fourteen months after defendant's agent delivered the policy, he collected the premiums. In the *Bible* case the insured was a patient in the Hudson River State Hospital, suffering from a " manic depressive psychosis." The agent visited her in the hospital, procured her signature to the applications, later handed her the policies in the presence of her husband, received payment of the first premium, and at weekly intervals collected additional premiums for a period of three months, the premiums thereafter being collected by another agent. It was held that under such circumstances the

defendant was estopped from avoiding the policy because of breach of the same condition in the policy as is here relied upon by defendant to defeat recovery.

It is difficult in principle to distinguish the two cases. The agent denied the insured told him she had kidney trouble. Some effort was made to establish limitation of the agent's authority, but he was clearly the same character of agent as the one who acted in the *Bible* case.

Upon the disputed question of fact, the jury have found for the plaintiff. Under the rules enunciated in the *Bible* case and the cases there cited, the defendant is estopped to avoid the policies by virtue of the clauses hereinbefore quoted.

Considerable stress is laid upon certain warnings and admonitions appearing upon the policy, admonishing the insured to read the policy, notifying the insured that if not satisfactory, the policy must be returned within a specified period of two weeks. The character of the insured, a foreigner, unable to read or write the English language, relying upon the agent of the defendant, such admonitions or warnings were but idle gestures. In any event, the same warnings and admonitions appeared upon the policies in the *Bible* case. They were urged upon the consideration of the court, particularly on the motion for reargument. The Court of Appeals seems to have disposed of the point by denying the motion for reargument.

The verdict of the jury upon the question of waiver was not contrary to the evidence. It is not against the weight of the evidence. It was a disputed question of fact, clearly and plainly presented to the jury. Upon conflicting testimony they have found the version of the plaintiff was correct; that the insured did notify the agent Frate when soliciting her for insurance, and at the time the application was prepared, of her physical condition and her kidney trouble. This was particularly a question for the determination of the jury, and it not being contrary to the evidence, nor against the weight of the evidence, must stand, unless there were errors in the charge.

Counsel for defendant does not urge errors in the charge with particular vigor. He does, however, refer to the charge of the court in such a manner as to indicate that he considers error was committed, and as he took an exception to the portion upon which he briefly comments, it seems proper to give the point somewhat serious consideration. After charging the jury that the application which had been received in evidence had nothing to do with the insurance contract, because it was not a part of it, and evidence in regard to it was only received as bearing upon the agent's knowledge, the court charged the jury: " If this agent had authority to

secure applications, had authority to deliver policies, had authority to collect premiums, then he had authority to waive, providing he had knowledge and providing he made reasonable effort to obtain knowledge as to the condition of the insured. Now, did he have such knowledge; did this agent know at the time this application was made out or was he told by the insured that she had a disease of the kidneys? Did he know or was he told that she had been treated in a hospital within two years? Did he know or was he told that she had been treated by a physician within two years? If he did not know it, if he was not told it, he could not waive something that he did not know. But did he make reasonable inquiry? Was he told by the insured she had disease of the kidneys? Did he ask if she had been treated in a hospital? Did he ask if she had been treated by a physician? Did he make a fair and reasonable effort to ascertain the facts? " Clearly, the only question relative to the language used by the court is whether or not it was error to charge as to the agent's making reasonable inquiry to ascertain the facts. This was entirely based upon the proposition that if the jury found the insured told the agent she had a disease of the kidneys, did the evidence disclose that he made such inquiries as it was his duty then to make relative to the disclosure the insured made to him? There can be no question under the decisions, that the true rule was enunciated as to any actual knowledge on the part of the agent. (*McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336, 347; *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 id. 385, 390; *Bible* v. *John Hancock Mut. Life Ins. Co., supra; Heffron* v. *Ætna Life Insurance Co.*, 233 App. Div. 534.)

The duty resting upon one so placed as was the agent Frate, has been plainly stated in *Fidelity & Deposit Co.* v. *Queens Co. Trust Co.* (226 N. Y. 225, at p. 233), where the court said: " One who has reasonable grounds for suspecting or inquiring ought to suspect, ought to inquire, and the law charges him with the knowledge which the proper inquiry would disclose. Actual notice may be proved by direct evidence or it may be inferred or implied. Actual knowledge is not required. Actual notice embraces all degrees and grades of evidence, from the most direct and positive proof to the slightest circumstance from which a jury would have been warranted in inferring notice. If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary thoughtfulness and care, to make further accessible inquiries, and he avoids the inquiry, he is chargeable with the knowledge which by ordinary diligence he would have acquired. Knowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation

would have revealed. (*First National Bank of Paterson* v. *National Broadway Bank,* 156 N. Y. 459; *Baker* v. *Bliss,* 39 N. Y. 70; *Williamson* v. *Brown,* 15 N. Y. 354; *Anderson* v. *Blood,* 152 N. Y. 285; *Peck* v. *Bank of America,* 16 R. I. 710.) "

The same question was presented and similarly decided in *Skinner* v. *Norman* (165 N. Y. 565). A few of the authorities to the same effect are *Reynolds* v. *Commerce Fire Ins. Co. of N. Y.* (47 N. Y. 597); *Davern* v. *American M. L. Ins. Co.,* (241 id. 318); *Ames* v. *Manhattan Life Insurance Co.* (40 App. Div. 465; affd., on opinion below, 167 N. Y. 584); *Hessler* v. *North River Insurance Co.* (211 App. Div. 595).

In the case of *S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.* (255 N. Y. 69) the Court of Appeals, while holding that the facts of the case were not sufficient to put the company on notice so as to operate as a waiver, nevertheless said, at page 75: " If the insurance company had known the facts upon which its rights depended, failure to assert them at the proper time might permit the inference that it intentionally waived its rights. The intention to waive those rights might even be inferred from deliberate disregard of a notice sufficient to excite attention and call for inquiry."

Here if the plaintiff's version was correct, the agent was informed of a condition which would avoid a policy if it existed. If he was informed of such condition, was he not then obligated to proceed to make such inquiry as would disclose all of the facts? Was it not a pertinent question whether he did make the inquiry and attempt to ascertain the facts, and if he did not make reasonable effort to ascertain the facts, does not the law charge him, and through him his principal, the defendant here, " with the knowledge which the proper inquiry would disclose?" (*Fidelity & Deposit Co.* v. *Queens Co. Trust Co., supra.*) We believe upon reason and authority the defendant is so charged.

We are not convinced the jury were misled or improperly instructed in this regard.

The court has not cited, quoted from, analyzed, or distinguished the many authorities which have been called to its attention and which it is claimed either substantiate or establish conclusions contrary to the views herein expressed. It is not to be assumed, however, from the failure so to do, that the court has not read and given full consideration to all of the authorities to which its attention has been directed by counsel upon either side.

The motions of defendant are denied.

Submit orders accordingly.