MARY STARZYK WINIARSKI (Formerly MARY STARZYK), Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Fourth Department, March 28, 1934.

*Earle C. Bastow*, for the appellant.

*Adam Wasileski* [*Woodward W. Guile* of counsel], for the respondent.

TAYLOR, J. Plaintiff is the named beneficiary in two insurance policies issued May 7, 1930, upon the life of one Joseph Bobula.

The policies by their terms provide that they shall not take effect unless at their dates the insured be alive and in sound health and that they shall be void if within two years before their date the insured had been attended by any physician for any serious disease, complaint, or operation, or had had any pulmonary disease. The policies require that in case of the death of the insured proofs of claim shall be made on blanks to be provided by the company, which shall contain full answers of the claimant, physician and other persons to all questions asked therein and shall conform to all requirements thereof. The insured died March 9, 1932. Plaintiff put in evidence a " Proof of Death," signed by herself, containing this statement, " the undersigned hereby * * * agrees that the written statements and affidavits of all physicians who attended or treated the insured and all other papers required by the company in making proof of claim shall constitute and are hereby made a part of the proofs of death." Two documents were introduced into evidence by the defendant severally executed by two physicians who had attended the insured, each document containing statements seriously damaging to plaintiff's case. The papers were called respectively " Physician's Certificate " and " Statement of Attending Physician at Death," and were marked Exhibits 5 and 6 in evidence.

There was a sharp issue of fact as to whether plaintiff received Exhibits 5 and 6 in blank form and had them executed and delivered to the defendant's agent or whether plaintiff, as she claimed, never saw those documents until she saw them in court and had nothing to do with their execution or delivery to defendant. The learned trial court in its charge told the jury in substance that if they found plaintiff was responsible for the preparation of Exhibits 5 and 6 and that they were turned in by her as part of her proof of death and that she turned them in in accordance with the company's demand, the jury might consider them as evidence. Then the court said that if the jury found on the contrary that Exhibits 5 and 6 were not the result of plaintiff's acts but were prepared and furnished to defendant by someone else without her knowledge or consent, the jury must " throw them out " — because they were not competent evidence in the case under the circumstances last mentioned. Exception was taken by the defendant to the court's statement with respect to the latter alternative. We deem the charge excepted to to have been material error. The paragraph quoted from the proof of death made Exhibits 5 and 6 admissible in evidence whether furnished by plaintiff or by defendant. It follows that the jury should have been permitted to consider them without restriction. They contained all the affirmative testimony

presented by defendant to sustain its defenses and the jury should have had the opportunity to weigh them along with the testimony proffered by plaintiff.

The judgment and order should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.