RUTH EUTO, Plaintiff, *v.* (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Defendant.

Fourth Department, May 13, 1936.

*Quinn, Higgins & Tormey* [*William F. Quinn* of counsel], for the plaintiff.

*Oscar J. Brown,* for the defendant.

LEWIS, J.   A submitted controversy under section 546 of the Civil Practice Act requires us to determine the scope of indemnity afforded by an automobile liability insurance policy issued by the defendant company.

Under the agreed statement of facts it appears that on April 9, 1933, the defendant issued and delivered to Kenneth J. Premo, to whom we shall refer as the assured, a policy of liability insurance covering two motor vehicles described therein.   On October 19, 1933, an indorsement was issued by the defendant and attached to the policy extending its coverage to five additional vehicles including a Brockway motor truck with which we are concerned upon this submission.

On February 25, 1934, while the Brockway truck was being operated by employees of the assured and was engaged in snow removal for the county of St. Lawrence, it caused personal injuries to the plaintiff who thereafter recovered a judgment against the assured for resulting damages and costs in the amount of $2,630.28. Following the issuance of execution upon the judgment and the return thereof wholly unsatisfied, the plaintiff brought this action against the defendant under section 109 of the Insurance Law.

The defendant, as insurer, disclaims liability upon the ground that the policy was' avoided by a breach of its conditions.   It asserts it did not agree to indemnify the assured against losses resulting from the use of the Brockway truck in highway snow removal operations undertaken by him for hire;  that its liability

was limited by the express conditions of the policy to loss occurring from the use of the truck in connection with a sand and gravel business conducted by the assured.

Under the caption " Exclusions " the policy provided:

" This policy shall not cover in respect of any automobile: * * * (4) While rented to others or used to carry passengers for a consideration, or *while being used for any purpose other than as specified in the Special Conditions of this policy.*"

Among the " Special Conditions " were the following:

" 3. Name Assured employed by, Self. Position, Sand and Gravel Dealer * * *

" 4. Firm address, Massena, New York.

" 5. Car used principally at Massena, New York.

" 6. Car used for Commercial. * * *

" 8. * * * The term ' commercial use ' is defined as usual to the business of the Named Assured as described above, including loading and unloading of goods."

The indorsement dated October 19, 1933, which extended the policy's insurance to include the Brockway truck, stated: " The above trucks are used in the Assured's Sand and Gravel business."

It is the claim of the plaintiff that the risk accepted by the defendant included loss resulting to the assured from use of the Brockway truck in snow removal operations for hire by the county. Our conclusion is to the contrary.

The defendant had the right as a contracting party to limit the liability which it would assume. It did so by the conditions quoted above in which we find no ambiguity. The liability assumed is for loss occurring by reason of the operation of any one of the trucks designated in the policy whenever employed in a " ' commercial use ' * * * usual to the business of the Named Assured *as described above,* including loading and unloading of goods." The reference " as described above " is to the only business of the assured mentioned in the contract, viz., that of a " Sand and Gravel Dealer." The use which defines the coverage is again clearly stated in the indorsement: " The above trucks are used in the Assured's Sand and Gravel Business." It cannot be claimed with reason that the employment of a truck in highway snow removal operations is a use which is " usual " to the business of a sand and gravel dealer. True, it is a matter of common knowledge that motor trucks are used to supply the motive power for highway snow plows. It can hardly be said, however, that such a use is so common for trucks engaged in the sand and gravel business as to make it an incidental use — " usual to the business."

We, therefore, conclude that the policy and indorsement issued by the defendant did not indemnify the assured against loss resulting from the operation of the Brockway truck in the use to which it was being put when plaintiff's injuries were received. It follows that the violation by the assured of an express condition of the policy is a complete defense to this action unless such condition was waived by the defendant.

The plaintiff asserts that the defendant has waived the special condition upon which it now relies as a defense. It is a conceded fact that when the coverage of the policy was extended by the indorsement dated October 19, 1933, to include the Brockway truck, the defendant's general agent had knowledge that the truck was to be used by the assured in fulfillment of a contract with the county of St. Lawrence to plow snow from county highways during the approaching winter months. The plaintiff argues that such knowledge by the agent, gained before the risk was assumed, became constructively the knowledge of the defendant; that having thereafter issued and delivered the indorsement, the company is deemed to have waived the conditions of the policy upon which it now rests its right to disclaim liability. In support of the argument plaintiff cites *Bible* v. *John Hancock Mutual Life Ins. Co.* (256 N. Y. 458) and kindred rulings.

We believe the plaintiff has overlooked a feature in the *Bible* case which distinguishes it from the case at bar. There the ruling rested upon the fact that prior to the inception of the insurance contract the assured was not chargeable with notice of the limitation placed upon the agent's authority to waive the breach of a condition.

Not so under the agreed facts now before us. Concededly the defendant issued and delivered the policy of insurance in question on April 9, 1933. For a period of more than six months thereafter the policy was in the possession of the assured. The law presumes that during that time he read its provisions. If he omitted to do so the law does not excuse such omission. (*Quinlan* v. *Providence Washington Ins. Co.*, 133 N. Y. 356, 365.)

The assured thus had either actual or constructive notice of an express limitation placed by the defendant upon the power of its agent to waive a general or special condition of its policy for it was provided therein:

" General Conditions. * * * Alteration of Policy.

" L. This policy shall constitute the entire contract between the Company and the Assured, and no change in the General Conditions or Special Conditions of this policy, either printed or written, shall be valid unless made by endorsement signed by a duly authorized officer or representative of the Company, *nor*

*shall notice to or knowledge possessed by any agent or any other person be held to waive, alter or extend any such General Conditions or Special Conditions."*

Furthermore the indorsement which was delivered to the assured on October 19, 1933, four months before the date of plaintiff's injuries, and which was attached to and became a part of the insurance contract, contained the provision that it was made subject to " the General Conditions and Special Conditions of this policy."

We have thus seen that prior to the issuance and delivery of the indorsement which brought the operation of the Brockway truck within the risk covered by the policy, the assured had notice that among the general conditions of the policy was the limitation placed by the defendant upon the right of an agent to waive any of its conditions. We regard the notice thus given to the assured as a sufficient answer to plaintiff's claim that the defendant waived the breach of a condition upon which it now rests its disclaimer. (*Drilling* v. *New York Life Ins. Co.*, 234 N. Y. 234, 242, 243; American Law Institute, Restatement of the Law of Agency, §§ 51 (d), 166, 167.)

The submitted controversy should be determined in favor of the defendant, with costs. Judgment may be entered accordingly.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Submitted controversy determined in favor of the defendant, with costs.