BESSIE K. BELSKY, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, November 4, 1938.

*Kenneth DeF. Carpenter* of counsel [*Louis H. Cooke*, attorney], for the appellant.

*Isidore Begun* of counsel [*Harry M. Begun* with him on the brief; *Lipschitz Brothers*, attorneys], for the respondent.

DORE, J.  In our opinion, under the circumstances disclosed in this record, the court erred in admitting the proofs of death solely for a limited purpose.  The policy of insurance was in effect less than two years.  Defendant had pleaded the insured's suicide within two years — a good defense if established.

Plaintiff, deceased's wife and beneficiary under the policy, did not appear at the trial.  Plaintiff's counsel called upon defendant to produce the proofs of claim.  Defendant produced the papers but plaintiff offered in evidence only one of the documents produced, viz., " Claimant's Statement No. 1," an affidavit in which plaintiff claimed that her husband, the insured, had died December 13, 1936; that she was the beneficiary, made claim to the insurance, and expressly agreed " that the written statements and affidavits of all the physicians who attended or treated the insured, and all other papers called for by the instructions printed on the reverse side hereof, shall constitute and they are hereby made a part of these proofs of death."  Defendant objected to the admission of this document alone, on the ground that if any proofs of death were admitted they should all go in and not a part, but the court overruled the objection.

Plaintiff then withdrew a second cause of action based on a double indemnity provision (death through accident), stating that the plaintiff had no proof as to the manner of the insured's death.

Defendant offered in evidence the coroner's death certificate, indicating deceased had plunged off the rear platform of a moving train with suicidal intent; the physician's statement stating deceased had a belt knotted around his neck and had jumped from a moving train, and an affidavit of a friend.

Plaintiff's counsel stated that he had no objection to the friend's affidavit or indeed had no objection to " all of them going in except if your Honor will rule that certain statements therein contained be disregarded by the jury.   If it is for the purpose of showing proof of death has been complied with, I am quite willing to have them go in."   Thereupon the court admitted the death certificate except the part reading " Deceased plunged off the rear platform of a moving train " and the word " suicidal; " he also admitted the doctor's certificate headed " Proofs of Death Submitted to the New York Life Insurance Company  *  *  *  Statement No. 3," but struck out " belt knotted around neck and jumped from moving train " and " Coroner's verdict — suicide."

It is to be noted that the additional documents were admitted on plaintiff's consent as part of plaintiff's proofs of death but only for one limited purpose, namely, to prove the fact of death.  Such

admission of the documents by the court has been held error where, as here, the plaintiff had signed a statement that the affidavits of physicians and other papers called for in the printed instructions (which included here the coroner's verdict) should constitute and were " hereby made a part of the proofs of death." (*Winiarski* v. *John Hancock Mutual Life Insurance Co.*, 241 App. Div. 284 [4th Dept.].) It was there held that such documents were admissible whether furnished by plaintiff or by defendant. It is not necessary to go that far to reach the conclusion that this judgment for plaintiff should be reversed. If, as plaintiff claims, there is no proof in this record that these documents had been submitted to defendant by plaintiff as part of her proofs of death, it is equally true that there is no testimony as to what proofs of death she did submit or that the one document she offered was her proofs of death. Nobody testified to that. Plaintiff had remarried, did not appear at the trial, and offered no testimony whatever as to what proofs she had submitted. When the proofs of claim were called for by the plaintiff, all the documents in question were produced by defendant. The so-called proof is a statement of plaintiff's counsel that plaintiff " now concedes by her attorney that the claimant's statement signed by her was the proof which she submitted." This was no proof at all. And if defendant did not specify this additional ground of objection, in this case the result reached is so obviously unconscionable that the judgment in plaintiff's favor should not be permitted to stand.

For the reasons stated, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.