BLANCHE HILL, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, Westchester County, July 3, 1939.

*Klein, Klein & Friedman*, for the plaintiff.

*Henry R. Barrett*, for the defendant.

DAVIS, J. This action was tried ·before the court and a jury. It involves a claim under an industrial insurance policy. At the close of the entire case the court dismissed the complaint, at the same time stating that it would hand down a memorandum of its reasons.

The insurance policy in question was issued without a physical examination. It is clear and concise in its language and its terms are fair to the insured. In it we find the following request prominently displayed: " Notice to policyholder — Please read your policy carefully." With equal prominence appears the following: " *Entire Contract* — This policy includes all matter printed or written by the Company on this and the following pages and constitutes the entire agreement. Its terms cannot be waived by any agent and cannot be changed except by endorsement hereon signed by the Secretary." With the same prominence we find this: " *Option to surrender within two weeks.* If this Policy is not satisfactory it may be surrendered for cancellation, within two weeks from its date of issue, at the District Office through which it was delivered, and the premium paid will be returned." Immediately below this appears the condition which was concededly violated, viz.: " *When Policy is voidable.* If (1) within two years prior to the date of issue of this Policy the Insured has been   *   *   *   attended by a physician."

Concededly the deceased had been attended by a physician for a serious illness within the time specified in the policy. It is claimed, however, that the defendant's agent was aware of the facts; and the reasoning in *Bible* v. *John Hancock M. L. Ins. Co.* (256 N. Y. 458) is urged in support of the plaintiff's contention that the defendant is thereby estopped from disclaiming liability. That decision as applied to the facts then before the court was manifestly just. But here we are dealing with a different policy.

Both here and in the *Bible* case the insured was told in the policy that no agent might alter its terms. Here he was told more. He was notified that if this or any other condition of the policy was unsatisfactory to him, he might cancel the contract within two weeks. The rule laid down in the *Bible* case was that " in the absence of notice to the contrary either in the application or otherwise, what is known to an agent with apparent authority to issue

an effective policy is known also to the company." In this case notice to the contrary was plainly given, and given at a time when the insured was still free, either to avoid the policy or to affirm it at his own pleasure. He elected to stand by the policy rather than to cancel it. Thereby he became bound by all its terms. To say under these circumstances that the insurer is estopped from disclaiming liability would be to apply without reason a legal fiction and deprive the defendant of the protection of the ordinary law of contracts. Of course the defendant would not have issued this policy, at least without a phyical examination, had the true facts been known. It was the duty of the insured to speak. He failed. If the doctrine of estoppel is to be applied the plaintiff here, and not the defendant, should be the subject thereof.

There is a further question in the case, arising out of the defendant's obligation to return the premiums. The answer alleges fraud on the part of the insured as a defense, but not as a counterclaim. Consequently what the defendant has in this case is not an equitable counterclaim for rescission, but a defense based upon a rescission already effected. If the defendant had counterclaimed for a rescission, an offer made in the answer to return the consideration would be sufficient; but where it merely defends on the basis of a past rescission it must plead and prove a previous offer to restore. (*E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124.) Here the defendant has done both. Its answer alleges that it has declared and now declares the policy void, and that it has tendered and now tenders the return of the premiums. At the trial it submitted proof of an earlier offer to return the premiums. It, therefore, complied fully with the requirement that in an action based upon a past rescission proof must be given of a previous offer to return the consideration. The renewal of the offer in the answer was unnecessary and may be treated as surplusage.

The plaintiff contends, however, that the defendant's proof in this respect was insufficient because the offer to return the premiums was accompanied by a demand that the plaintiff execute a release. The plaintiff invokes the rule that a tender, to be effective, must be unconditional. That means only that the tender cannot be accompanied by any reservation of rights under the rescinded contract. Such was the case of *Gould* v. *Cayuga County Nat. Bank* (86 N. Y. 75). In the later case of *Heckscher* v. *Edenborn* (203 N. Y. 210) an offer to return shares of stock conditioned upon the repayment of the subscription price was held good. In the present case the purpose of the tender was to restore the status existing before the fraudulent contract was made. The demand for a release was intended merely to make the rescission mutually effective and binding. In my opinion it did not invalidate the tender.