ANTHONY GOLAS, as Administrator, etc., of WLADYSLAWA GOLAS, Deceased, Appellant, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

Fourth Department, December 27, 1939.

*Harry A. Rachlin,* for the appellant.

*Roy P. Ohlin,* for the respondent.

SEARS, P. J.   The policy of industrial insurance involved in this case was written by the defendant on the life of plaintiff's intestate. It is established beyond question that the insured was at the J. N. Adam Memorial Hospital at Perrysburg for a period of two years prior to the date of the policy receiving treatment for osteomyolitis or tuberculosis of the leg, and that a substantial part of the hospitalization was within two years immediately preceding the issuance of the policy.   The policy itself contained the clause that "if the insured * * * has, within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint, then * * * the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy shall be limited to the return of premiums paid on the policy."

The plaintiff produced evidence, however, upon the trial that a breach of the condition of the policy above quoted was waived by the company through its soliciting agent at the time the application for the policy was signed. There was evidence that the agent knew of the hospitalization of the insured and that when the plaintiff asked the agent whether the company would issue a policy even if the insured had been in the hospital, the agent said " yes." The plaintiff's wife also testified that the company's agent said " if the doctor comes and examines her and accepts her, then I will bring you the policy."

That this testimony, if believed and the statements relied upon by the applicant, would constitute a waiver of the breach of condition is established by the cases of *Bible* v. *John Hancock Mutual Life Ins. Co.* (256 N. Y. 458) and *Lampke* v. *Metropolitan Life Ins. Co.* (279 id. 157). The agent denied having had such a conversation as above stated and denied knowledge of the hospitalization of the insured. The verdict in favor of the defendant on the question of fact would be within the power of the jury were it not for certain errors in rulings or requests to charge which are in conflict with established law. Thus the court refused to charge as follows: " If the jury believes the statement of the plaintiff or his wife, if they made such a statement, that the agent told them that the policy would be issued providing the doctor finds that she (the insured) is in good health when he examines her, then plaintiff and his wife had a right to rely upon it." Further, the court refused to charge as follows: " If the jury find that the agent Parczynski, prior to or at the time of the issuance and delivery of the policy knew that the child had been in the Perrysburg hospital and the plaintiff and his wife had no reason to believe that the agent Parczynski would not correctly record the answers in the application or give this information to his company, then the provisions contained in the policy making it void if she had been treated within two years prior to the issuance of the policy by a physician and the limitation contained in the application are not binding on the plaintiff." These rulings are erroneous under the authorities cited, and we deem them material.

The court further refused to charge that " the plaintiff and his wife are not bound by the statements made on the application which Mrs. Golas signed, if due to illiteracy, she did not know its contents and the jury believed that she herself did not furnish false information." This, too, was materially erroneous under the authority of the *Lampke* case (*supra*) in which the decision in *Fortunato* v. *Metropolitan Life Insurance Co.* (248 App. Div. 680) was expressly disapproved.

For these reasons the judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.