JAMES CANESTRARO, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Fourth Department, March 17, 1943.

*Walter F. Martineau* for appellant.

*Frank Del Vecchio* for respondent.

TAYLOR, J. This is an action by the named beneficiary upon an industrial life insurance policy to recover the amount of the death benefit therein provided, which policy was issued by the defendant on October 1, 1940, to the plaintiff's mother who died on December 29, 1940. The policy contains the standard provisions permitted for industrial life insurance policies under Insurance Law, section 163, subdivision 3, paragraph (b). The application was not attached to the policy. No reference to previous hospital or medical treatment of the insured was endorsed on the policy by the defendant. The defendant — for its defense — alleged in its answer and established upon the trial that the insured was confined in a hospital and received medical treatment from May 21, 1939, to June 2, 1939. The plaintiff was then under the burden of showing either that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk (see *McDermott* v. *Metropolitan Life Ins. Co.*, 8 N. Y. S. 2d 896, affd. 261 App. Div. 950) or that the defendant had waived its right to declare the policy void or was estopped from asserting such right (see *Hill* v. *Metropolitan Life Ins. Co.*, 259 App. Div. 278; *DeCesare* v. *John Hancock Mut. Life Ins. Co.*, 256 App. Div. 1036, affd. 281 N. Y. 769; *Black Co.* v. *London Guarantee & Accident Co., Ltd.*, 190 App. Div. 218, affd. 232 N. Y. 535; *Salamida* v. *John Hancock Mut. Life Ins. Co.*, 148 Misc. 702, affd. 241 App. Div. 636).

The plaintiff's proof of the insured's continuous employment during the year 1940 was insufficient to raise an issue of fact as to whether the condition, for which the insured had received hospital and medical treatment in 1939, was not of a serious nature or was not material to the risk. The plaintiff's proffered proofs of waiver or estoppel were erroneously excluded.

Error was also committed in excluding the physician's statement which the plaintiff had submitted to the defendant as a part of the proofs of death. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208; *Wachtel* v. *Equitable Life Assurance Society*, 266 N. Y. 345; *Winiarski* v. *John Hancock Mut. Life Ins. Co.*, 241 App. Div. 284; *Belsky* v. *New York Life Ins. Co.*, 255 App. Div. 288, affd. 280 N. Y. 614.)

The judgment should be reversed on the law and facts and a new trial granted, with costs to the defendant-appellant to abide the event.

DOWLING, J. (dissenting). On October 1, 1940, the Metropolitan Life Insurance Company, hereinafter referred to as the company, issued a twenty-year payment whole life policy on the life of Trissa Canestraro. The amount of insurance was $500 and the premium was $2.69 payable monthly. James Canestraro, a son of the insured, was designated as beneficiary under the policy. The application for the policy was not attached to the policy and we are not informed what facts appear in the application. The policy complied with the provisions of article 7, section 163, subdivision 3, of the Insurance Law. (L. 1939, ch. 882.) Subdivision 3 provides in part as follows:

" No policy of industrial life insurance shall be issued or delivered in this state if it contains any of the following provisions:

" (a)   *   *   *

" (b) A provision giving the insurer the right to declare the policy void because the insured has had any disease or ailment, whether specified or not, or because the insured has received institutional, hospital, medical or surgical treatment or attention, except a provision which gives the insurer the right to declare the policy void if the insured has, within two years prior to the issuance of the policy, received institutional, hospital, medical or surgical treatment or attention and if the insured or claimant under the policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk."

Trissa Canestraro died on December 29, 1940. The policy provided in part:

" When policy is incontestable and when voidable. This policy shall be incontestable after it has been in force, during the lifetime of the Insured, for one year from its date of issue, except for nonpayment of premiums.

" Subject to the foregoing provision, if within two years prior to the date of issue of this Policy the Insured has received institutional, hospital, medical, or surgical treatment or attention, and the Insured or any claimant under the Policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, this Policy shall be voidable by the Company either before or after any claim unless reference to such institutional, hospital, medical or surgical treatment or attention is endorsed on this Policy by the Company. Provided, however, that this Policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this Policy.

" If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid."

Upon the death of the insured, James Canestraro, hereinafter referred to as the claimant, as required by the provisions of the policy, prepared and served upon the company proofs of death of the insured. In the proofs so furnished it appeared that the insured had been treated from June 2 to August 4, 1939, for " Diabetes Mellitus." Since a reference to this treatment had not been endorsed on the policy by the company, the company refused to pay the claim until the claimant furnished to the company proof that the condition occasioning such treatment was not of a serious nature or was not material to the risk. The claimant made no effort to show to the company that such was the fact. On the contrary the claimant instituted this action to recover the full amount of the policy. In his complaint he alleged " Tenth: That the assured and the plaintiff herein duly performed all the conditions of the said contract on their part to be performed." The company interposed an answer denying liability under the policy and as an affirmative defense alleged, in substance, that the insured within two years prior to the date of the issue of the policy had been treated in an institution for a serious disease or complaint known as "Diabetes Mellitus " which fact was known to the insured at the time the policy was issued and which fact she failed to disclose to the

company in any manner and that said treatment was material to the risk and that the claimant had failed to show that the condition occasioning said treatment was not of a serious nature and was not material to the risk and that the company had not waived, changed or varied in any manner any of the terms, conditions or provisions of the policy and that the company had declared the policy void and offered to return to the claimant premiums paid totaling $8.07. No reply was served to the affirmative defense.

On the trial the claimant introduced the policy, the premium receipt book showing payment of premiums and the claimant's written statement showing the death of the deceased. Claimant did not introduce the statement of Dr. Grosso, the attending physician, as to the cause of death. The claimant then rested. The company then called Dr. Colegrove who testified that he had treated the insured from May 21 to June 2, 1939, at which time she left the hospital of her own volition and that he did not discharge her. The company then rested and the claimant showed by Robert S. Merrill that the insured had worked for the A. E. Nettleton Company from 1932 to December 24, 1940, in the finishing department. The claimant then attempted to prove a waiver in respect to the medical treatment of the insured. The company objected " on the ground it is not within the pleadings, that this is a straight action in which he alleged that the policy was issued and the plaintiff [insured] was in good health at the time the policy was issued, and he doesn't say anything in there [complaint] as to knowledge on our part of any transaction or conversation that he is going to give, so that we had no opportunity to waive something which we knew nothing about." The company then identified and offered in evidence the statement of Dr. Grosso which forms part of the proofs of death. The statement was excluded under objection of the claimant and the company excepted whereupon both parties moved for a direction of a verdict. The court directed a verdict in favor of the claimant and the company excepted. Motion to set aside the verdict was denied. From the judgment entered upon the verdict the company has appealed.

When the proofs of death disclosed to the claimant, as they did, that the insured had been treated by a physician within the two-year period referred to in the policy, it became the duty of the claimant, in the absence of an endorsement of that fact on the policy by the company or in the absence of a reference to that fact in the application, which was not attached to

the policy, to show to the company that the treatment rendered to the insured was not of a serious nature or that it was not material to the risk. The claimant, if he could, should have supplied that proof so as to prevent an avoidance of the contract on the part of the company.

Instead of showing the company, by proper proof, that the medical treatment was not of a serious nature or was for a condition not material to the risk, or that it had been referred to in the application for the policy, the claimant instituted this action alleging full performance of the contract on his part. Since both the policy and the statute placed the burden on the claimant of showing that the treatment either was not of a serious nature or that it was not material to the risk, we think the claimant was required, as a condition precedent to recovery, to allege and prove, if such were the fact, that the treatment either had been referred to in the application, which was not attached to the policy, or that it was not of a serious nature or was not material to the risk. Furthermore, if the claimant desired to prove that the attention of the company had been called to the treatment but that it had failed to endorse a reference to the treatment on the policy, we think the claimant was obliged to plead and prove that fact. There is no allegation in the complaint that the company had been advised of the treatment given to the insured, prior to the issuance of the policy, or that it had agreed to endorse a reference to the treatment on the policy but that it had neglected to do so. It is only in the absence of such proof and in the absence of an endorsement relative to the treatment on the policy that the company may declare the policy void.

Having alleged full performance of the provisions of the policy, the claimant was not, under the policy and the statute, in a position to prove a waiver on the part of the company.

We think that it was the design of the Legislature, when it enacted the above amendment to the Insurance Law, to change the practice followed in such cases as *Bible* v. *John Hancock Mut. Life Ins. Co.* (256 N. Y. 458). We think that, under the policy and the said statute, if the claimant intended to rely on a waiver in respect to the medical treatment of the insured, he should have alleged and proved such waiver.

The judgment should be reversed and the complaint dismissed.

All concur with TAYLOR, J., except CROSBY, P. J., and DOWL-ING, J., who dissent and vote for reversal and for dismissal of

the complaint, in an opinion by Dowling, J., in which Crosby, P. J., concurs. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.