Shientag, J.
Plaintiff-respondent is the beneficiary of two policies of industrial life insurance issued on the life of her deceased mother, by defendant, in February, 1947, each for the face amount of $250. The policies contained the so-called standard statutory clause enacted by the Legislature in 1939 (L. 1939, ch. 882) and incorporated in paragraph (b) of subdivision 3 of section 163 of the Insurance Law. That clause in the policies reads as follows: “ Policy when Void. Subject to the provision entitled Incontestability, * * * if within two years prior to the date of issue of this policy the Insured has received institutional, hospital, medical, or surgical treatment or attention, and the Insured or any claimant under the policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to *377 the risk, this policy shall be voidable by the Company either before or after any claim unless reference to each such rejection, institutional, hospital, medical, or surgical treatment or attention is endorsed on this policy by the Company. Provided, however, that this policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this policy. If this policy does not take effect, or is voided by the Company, the Company will return the premiums paid.”
This so-called statutory type of clause differs from the clauses formerly in use known as 11 sound health ’ ’ clauses which insurance companies, prior to 1939, were free to use, if they chose, in varying forms selected by them. There were no indorsements on the policies and the written applications of the insured were not attached thereto. Concededly, the insured was seriously ill and had been treated at hospitals for a serious ailment within the period of two years prior to the issuance of the policies. No attempt was made by plaintiff beneficiary to show that in the language of the policy clause before-mentioned the condition occasioning medical and hospital treatment ‘1 was not of a serious nature or was not material to the risk.”
However, on the trial in the Municipal Court, it was found by a special verdict of the jury that when the duly authorized agent of defendant received the applications for the policies and when the policies were issued and he accepted premiums thereunder, that agent had been fully informed and knew that the insured was seriously ill and had been treated in hospitals for serious ailments within two years prior to issuance of the policies. Under the rule laid down in Bible v. John Hancock Mut. Life Ins. Co. (256 N. Y. 458) that knowledge on the part of the insurer’s agent would be sufficient to estop defendant insurer from voiding the policies. The trial court, however, held that notwithstanding the special verdict, which he found to be amply supported by the evidence, the insurer could void the policies by tendering back the amount of the premiums paid and he directed judgment for that amount with interest. That holding was on the theory that the principle laid down in the Bible case, while applicable to the “ sound health ” clauses in a policy of industrial life insurance, had no application to such policies in the light of the standard statutory clause enacted in 1939. The Appellate Term in effect reversed the judgment of the trial court. Both sides having moved below for the direction of a verdict, the Appellate Term granted judgment to the *378 plaintiff beneficiary for the face amount of the policies, i.e., the sum of $500 with interest. The Appellate Term wrote no opinion but the reversal is tantamount to a holding that the case of Bible v. John Hancock Mut. Life Ins. Co. (256 N. Y. 458, supra) is still good law and is fully applicable to the new statutory standard clause as it was to the old voluntary “ sound health ” clauses in industrial policies. We believe that the Appellate Term holding was correct.
The doctrine of estoppel as applied in the Bible case has not been superseded by the new clause made mandatory by paragraph (b) of subdivision 3 of section 163 of the Insurance Law. Presumably when the Legislature enacted the amendment of 3939, it was fully familiar with the principles laid down in the Bible case and, if it had desired not to have those principles apply to the new standard statutory clause, it undoubtedly would have so provided in the 1939 amendment.
This decision does not purport to deal with cases of fraud •and collusion between an insured or his beneficiary and the agent of the insurer. There was no such issue presented. The, case was not tried on any such theory and it was not so found. In fact any claim of fraudulent collusion would be negatived by the cancellation and the acceptance of the small cash surrender value, some months after issuance of the policies in suit, of two other insurance policies issued by defendant on the life of the same insured for about the same amount as the policies here involved.
The determination of the Appellate Term should be, therefore, in all respects affirmed, with costs to the respondent.
Peck, P. J., Glennon, Callahan and Van Yoorhis, JJ., concur.
Determination unanimously affirmed, with costs.