MARY C. HEFFRON, as Sole Beneficiary and as Executrix, etc., of JOHN M. HEFFRON, Deceased, Appellant, *v.* ÆTNA LIFE INSURANCE COMPANY, Respondent.

First Department, November 27, 1931.

*Dean Emery* of counsel [*Kellogg, Emery & Inness-Brown,* attorneys], for the appellant.

*James B. Henney* of counsel [*Daniel Miner* and *William S. O'Connor* with him on the brief; *James B. Henney,* attorney], for the respondent.

TOWNLEY, J. This suit is brought to recover upon a policy of insurance in the amount of $50,000 issued by the defendant upon the life of J. R. Boyce on the 8th day of February, 1929. The insured died February 13, 1929. The beneficiary named in the policy assigned her cause of action to the plaintiff's testator, a resident of Connecticut. The insurance was solicited by an agent named Rogge.

The application was signed and medical examination made on February 4, 1929. On February seventh defendant's general agent sent the policy with a signed receipt for the first premium to Rogge and with a letter clothing Rogge with general and express authority to deliver the same to Boyce. On February eighth Rogge called at Boyce's office to deliver the policy and learned

that Boyce was home ill. The exact information received by him was not disclosed because testimony concerning what had been told him by the people whom he saw in Boyce's office was erroneously excluded. On the same day Rogge sent the policy to Boyce with a letter in which he said that he had learned that Boyce was " under the weather for the time being." He continued: " I spoke to Mr. Drayton [Boyce's partner] who told me that under the circumstances he thought you would want me to put the policy in force and that it would be good form for me to do so. Accordingly I am pleased to enclose the semi-annual receipt for the premium." The premium was concededly paid by Rogge on behalf of Boyce. This payment was ratified by Boyce. The insured had become ill on February sixth, and died of pneumonia on the thirteenth. At the time the policy was delivered he was sick in bed and it was conceded that under the terms of the policy such illness would have rendered the policy void.

Plaintiff claims, however, that this provision of the policy was waived by the delivery and the acceptance of the premium after knowledge that insured was ill. In the policy is found a clause to the effect that no agent of the company is permitted to waive any of the provisions of the policy. This provision was not incorporated in the application. Until the policy was actually delivered, therefore, the insured had no notice that Rogge was under a disability to waive this provision. Defendant urges, nevertheless, that regardless of lack of notice the agent Rogge lacked all power to waive the provision requiring good health and that the delivery of the policy and the payment of the premium were ineffectual to put in force an otherwise void policy.

Irrespective of the rules in other jurisdictions, this is not the law of New York State. Rogge was clothed with express authority to act for defendant in the delivery of the policy. His knowledge was the knowledge of the company and his delivery of the policy and payment of the first premium on behalf of the insured constituted a waiver of the provision requiring that the policy be delivered during the good health of the insured. (*Ames* v. *Manhattan Life Ins. Co.*, 40 App. Div. 465; affd., on opinion below, 167 N. Y. 584; *McClelland* v. *Mutual Life Ins. Co.*, 217 id. 336.) The principle of these cases has been recently reaffirmed by the Court of Appeals in *Bible* v. *John Hancock Mutual Life Ins. Co.* (256 N. Y. 458, 464), in which case CARDOZO, Ch. J., said: " We think the effect of an estoppel remains what it has always been, and that in the absence of notice to the contrary either in the application or otherwise, what is known to an agent with apparent authority to issue an effective policy is known also to the company."

Under the law, therefore, on the circumstances shown in this record, the only question at issue is whether Rogge knew at the time he was making delivery of the policy that the insured was not in good health. It was accordingly error to exclude evidence showing the facts which had been communicated to the agent by the insured's partner and the other men in the insured's office to whom Rogge spoke.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.