Florence Brown, as Acting Executrix of the Estate of Catherine Held, Deceased, Appellant, *v.* John Hancock Mutual Life Insurance Company, Respondent.

Supreme Court, Appellate Term, First Department, February 10, 1932.

*Moses L. Braunstein,* for the appellant.

*Frederick C. Tanner,* for the respondent.

Per Curiam. A prior judgment for defendant was heretofore reversed, this court citing the case of *Calarco* v. *John Hancock Mutual Life Ins. Co.*, as reported in the advance sheets of 239 New York Supplement, 12. The bound volume of such report does not contain that decision, the opinion having been withdrawn by the court, as appears by advance sheets of 241 New York Supplement, No. 6, but the case referred to was decided by the Appellate Term, Second Department, in September, 1929. Since then the cases of *Bible* v. *John Hancock Mutual Life Ins. Co.* (256 N. Y. 458) and *Heffron* v. *Ætna Life Ins. Co.* (233 App. Div. 534) have been decided, holding that a clause in a life insurance policy requiring the policy to be delivered during the good health of the insured is waived when the agent for the company delivers the policy with knowledge of the illness of the insured.

Plaintiff's evidence herein, though slight, in the absence of proof to the contrary, was sufficient to show such an estoppel of the defendant. The evidence did not establish that the insured suffered from tuberculosis at the time of the delivery of the policy. Considering the form and the substance of the proof of death and

attending physician's statement, we find that they show that the tuberculosis developed after such delivery.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff for the amount demanded in the complaint, with interest and costs.

All concur; present, LEVY, CALLAHAN and UNTERMEYER, JJ.