MARTHA A. HURLEY, Respondent, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Fourth Department, May 6, 1936.

*William F. Quinn*, for the appellant.

*Daniel F. Mathews*, for the respondent.

EDGCOMB, J. On April 6, 1932, the defendant, at the behest of the plaintiff, issued a policy of insurance upon the life of Beatrice Hurley, daughter of the plaintiff. The insured died on July 8, 1933, and this action was brought by the mother, the named beneficiary, to recover the amount of the insurance.

By its terms the policy was not to take effect unless upon its date the insured was in sound health. It was also provided that the contract of insurance should be void if the insured had attended any hospital, or had been cared for by a physician for any serious illness within two years prior to its date, or had been afflicted with any pulmonary disease, unless such medical and hospital attendance, and previous disease, were specifically waived in an indorsement signed by the secretary of the company.

The evidence shows that on February 20, 1932, less than two months before the policy was issued, decedent, who was then a young girl eighteen years of age, was attended by Dr. Larned, a physician residing in the city of Syracuse, N. Y.; that an X-ray was taken in the early part of the following March, which revealed a condition requiring treatment in the Onondaga County Sanatorium, a hospital or institution for the care of patients suffering from tuberculosis; that the day before the policy was delivered and the first premium was paid, decedent entered the sanatorium as a patient, and that she remained there from that time until her death.

Notwithstanding the fact that the terms of the written policy have concededly been violated, plaintiff seeks to uphold her recovery upon the theory that the defendant is estopped from pleading a forfeiture by reason of certain knowledge possessed by its agent at the time of the delivery of the contract of insurance and the payment of the premium.

There is ample evidence to warrant a finding that Mr. Brown, the agent who solicited this insurance and who delivered the policy, knew that the insured was sick at the time, and that she was confined in the Onondaga County Sanatorium, and that, notwithstanding such knowledge, he urged the plaintiff to take out the policy, and assured her that her daughter's presence in the hospital did not " mean anything," and that once she got the policy in her hands " she was covered."

Section 58 of the Insurance Law provides that every policy of insurance issued by a life insurance corporation doing business in the State shall contain the entire contract between the parties, and that nothing shall be incorporated therein by reference to any writing or document unless the same is indorsed upon or attached to the policy when issued.

The purpose of this section is to impose upon a company the duty of setting forth in each policy issued the entire agreement, as well as every statement or representation which induced its making, and upon which the company relied, if it is to be available as a defense. (*Archer* v. *Equitable Life Assurance Society,* 218 N. Y. 18, 23, 24.)

The application for the insurance in question was not attached to the policy. Any statements or representations therein contained are, therefore, of no avail here. We must take the policy before us as stating the entire agreement between the parties. There being no warranty of health, the company is estopped from claiming that there was a breach of the conditions of the policy, if it had knowledge, actual or constructive, that the insured was sick and suffering from tuberculosis, and was in a sanatorium for the treatment of that disease when the insurance was delivered and the premiums paid. (*Satz* v. *Massachusetts Bonding & Insurance Co.,* 243 N. Y. 385, 390; *Bible* v. *John Hancock Mutual Life Insurance Co.,* 256 id. 458, 462; *Whipple* v. *Prudential Insurance Co.,* 222 id. 39, 43; *McClelland* v. *Mutual Life Insurance Co.,* 217 id. 336, 343, 344; *Ames* v. *Manhattan Life Insurance Co.,* 40 App. Div. 465, 467, 468; affd. on opinion below, 167 N. Y. 584; *Heffron* v. *Ætna Life Insurance Co.,* 233 App. Div. 534, 535; *Wood* v. *American Fire Insurance Co.,* 149 N. Y. 382, 385; *McNally* v. *Phœnix Insurance Co.,* 137 id. 389, 396.)

There is no evidence of any knowledge upon the part of any officer, director or agent of the defendant upon which an estoppel can be based, except Mr. Brown, the agent who wrote this insurance. He was, however, more than a mere soliciting agent; he delivered the policy, and collected the premiums on this and other policies.

It is a well-settled principle of agency that, as a general rule, the principal is bound by notice to or knowledge of his agent in all matters within the scope of the agency, although in fact the information may never have actually been communicated to the principal. (*Hyatt* v. *Clark*, 118 N. Y. 563, 569; *Ingalls* v. *Morgan*, 10 id. 178, 184; *Adams* v. *Mills*, 60 id. 533, 539.)

Applying this maxim to the facts in the instant case, it must be held that Mr. Brown bore such a relation to the insurance company as to make his knowledge of decedent's physical condition the knowledge of the defendant, and to estop the company from declaring a forfeiture, notwithstanding the fact that the policy contains a provision that no person other than the president, vice-president, secretary or assistant secretary is authorized on behalf of the company to alter the contract or waive a penalty. (*Bible* v. *John Hancock Mutual Life Insurance Co.*, 256 N. Y. 458, 463; *Heffron* v. *Ætna Life Insurance Co.*, 233 App. Div. 534; *McClelland* v. *Mutual Life Insurance Co.*, 217 N. Y. 336; *Ames* v. *Manhattan Life Insurance Co.*, 40 App. Div. 465; affd. on opinion below, 167 N. Y. 584; *Levic* v. *Metropolitan Life Insurance Co.*, 242 App. Div. 595.)

A clear question of fact was raised as to the agent's knowledge of decedent's physical condition and her treatment in the tuberculosis sanatorium at the time of the delivery of the policy, which was decided in plaintiff's favor after a clear and comprehensive charge, and we would have no hesitation in affirming the judgment were it not for the failure of the trial court to charge a request of the defendant, which we think was a fair statement of the law, and which should have been charged. The request was as follows: " I ask your Honor to say to the jury that if the jury believe that the insured or plaintiff knew or had reason to believe that agent Brown would conceal or not report to the defendant information which he had concerning unsound health of the insured prior to date of said policy, no such knowledge can be imputed to the defendant."

The reason for the rule that notice to the agent is imputable to his principal rests upon the assumption that an agent will discharge the duty which he owes to his chief to fully, fairly and honestly disclose all material facts which come to his knowledge or attention, and which relate to the subject of the agency. (*McCormack* v. *Security Mutual Life Insurance Co.*, 220 N. Y. 447, 458; *Casco National Bank* v. *Clark*, 139 id. 307, 313; *Henry* v. *Allen*, 151 id. 1, 9.)

Every rule has its exception, and the mandate charging the principal with knowledge acquired by his agent in reference to

matters over which his authority extends has no application where the facts are such as to warrant the inference that the agent will conceal or withhold his information from his employer. (*Henry* v. *Allen*, 151 N. Y. 1, 9, 10; *McCormack* v. *Security Mutual Life Insurance Co.*, 220 id. 447, 458; *Granite Bond & Mortgage Corporation* v. *Hutchins*, 225 App. Div. 412, 413, 414; *Axelroad* v. *Metropolitan Life Insurance Co.*, 242 id. 400, 404; affd., 267 N. Y. 437; *Mutual Life Insurance Co.* v. *Hilton-Green*, 241 U. S. 613, 622, 623; *Campbell* v. *Balcomb*, 183 Fed. 766, 767; *Gunster* v. *Scranton Illuminating, Heat & Power Co.*, 181 Penn. St. 327, 337, 338; 37 A. 550; *Camden Safe Deposit & Trust Co.* v. *Lord*, 67 N. J. Eq. 489; 58 A. 607; *Cowan* v. *Curran*, 216 Ill. 598, 617; 75 N. E. 322; *Merchants National Bank* v. *Nichols & Shepard Co.*, 223 Ill. 41, 53; 79 N. E. 38.)

In *Mutual Life Insurance Co.* v. *Hilton-Green* (241 U. S. 613), which was an action upon a life insurance policy, it was held that the general rule that the knowledge of the agent was ascribed to the principal did not apply where the circumstances plainly indicated that the agent would not perform his duty, and would not reveal his information to his principal. To the same effect is the holding in *McCormack* v. *Security Mutual Life Insurance Co.* (220 N. Y. 447, 458).

Plaintiff and the insured must be held to have known the terms of the policy, and the conditions therein expressed; they were bound to know that if the contract stood as written there was a forfeiture. They undoubtedly had a right to rely upon Brown fulfilling his duty to his company and imparting to it whatever knowledge he acquired concerning the health of the insured. They were entitled to assume that, if the company delivered the policy and collected the premiums with knowledge that the insured was a patient in the Onondaga County Sanatorium, and was afflicted with a pulmonary disease, and had been attended by a physician, it intended to waive the conditions relating to good health and medical or hospital treatment. But the jury was permitted to go further, and to hold the company liable even though both the insured and her beneficiary knew or had reason to believe that Brown would keep his information to himself, and never impart it to his employer. In such case the plaintiff cannot be said to have acted in good faith. Under the assumption in the request to charge she would be a party to withholding pertinent and material information from the company, knowledge of which, from the terms of the policy itself, had it been in defendant's possession, she might well have assumed would have led it to withhold the issuance of the policy. The general rule relating to knowledge of the

agent being imputed to the principal was never intended as a shield for unfair dealing. We think that the jury should have been properly instructed upon this phase of the case.

For the reasons above stated, we think that the judgment should be reversed and a new trial should be had.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.