BENJAMIN BONACCI, Individually and as Administrator, etc., of MARGARET BONACCI, Also Known as MARGHERITA BONACCI, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Fourth Department, May 20, 1936.

*Arthur J. Foley* [*John F. Ruane* with him on the brief], for the appellant.

*Salvador J. Capecelatro,* for the respondent.

PER CURIAM. The fair preponderance of evidence established that defendant was induced to issue the policies in suit through fraud by its agent in collusion with the plaintiff and the assured, each of whom had knowledge, when the applications were signed, that the assured was suffering from an illness, viz., tuberculosis, which violated a condition — stated in the applications and in the policies issued thereon — requiring as a prerequisite to insurance that the assured should be in sound health. The finding of the jury to the contrary was against the weight of evidence.

As our determination leads to a new trial, we call attention to a ruling which may have had a prejudicial effect. Counsel for defendant requested the trial court to charge: " If the jury find that the agent represented to the assured that on his own volition he would waive the condition of sound health and issue a policy without informing the defendant of the insured's health, that then there was collusion." We regard the denial of this request as error. (*Hurley* v. *John Hancock Mutual Life Ins. Co.,* 247 App. Div. 547.) Although the ruling made reference to the subject-matter of the request as treated in the main charge, we are of the opinion that the erroneous denial of the request may well have left confusion in the minds of the jury upon a matter of importance in the case.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.