**DON KEMPER COMPANY, Inc.,**
Appellant,

v.

**BENEFICIAL STANDARD LIFE INSUR-
ANCE COMPANY.**

No. 18099.

United States Court of Appeals,
Third Circuit.

Argued Feb. 19, 1970.

Decided April 20, 1970.

Valera Grapp, Waynesburg, Pa., for appellant.

George J. Miller, Dechert, Price & Rhoads, Philadelphia, Pa. (Harvey Bartle, III, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER and VAN DUSEN, Circuit Judges, and FULLAM, District Judge.

OPINION OF THE COURT

PER CURIAM.

This case is before this court for the second time on an appeal from the entry of a judgment on a jury verdict for defendant returned at the end of a new trial resulting from our opinion and supplemental opinion of October 25, 1968, and January 13, 1969, respectively. See Don

**222**

Kemper Co. v. Beneficial Standard Life Ins. Co:, 3 Cir., 404 F.2d 752 and 758.[1]

■ Plaintiff contends that it is entitled to a new trial because of errors (1) in the admissions and exclusion of evidence offered by it and (2) in the charge of the trial judge. After thorough consideration of the record, we have concluded that there was no error in the admission or exclusion of evidence which makes the refusal to grant a new trial "inconsistent with substantial justice." See F.R.Civ.P. 61.[2]

■ After careful review, in light of the language of the charge as a whole,[3] of the alleged errors concerning the inclusion, and failure to include, language from counsel's requests in the charge, which were stated at the conclusion of the charge,[4] we reject the contention that the trial judge committed reversible error. The trial judge advised counsel prior to the charge that the case would be submitted to the jury on the issues of apparent authority, estoppel and ratification in accordance with the principles of the Restatement of the American Law Institute. See, for example, Restatement of Agency (2d), §§ 8, 27, 82 and 141. Since these principles were correctly explained in the charge, the trial judge was not required to use the exact language of the plaintiff's requests for charge as long as the charge covered the applicable legal principles.[5] Although plaintiff contends strenuously that certain language in the charge was seriously prejudicial even though not objected to at the end of the charge, "it * * * [is] noted that at no time during the [charge] * * * did * * * counsel take exception to any remark made by the trial judge, nor did he make any formal objection to any of the matters he now contends were so prejudicial as to justify the granting of a new trial. If in fact * * * counsel felt aggrieved by the alleged prejudicial comments and conduct, he should have called the matter to the court's attention so as to give the court an opportunity to take corrective action." Faudree v. Iron

1. Since plaintiff's contentions at the second trial and the evidence offered in support of those contentions were substantially the same as that offered at the first trial, it is unnecessary to restate the facts as recited in our previous opinion. The statement of the trial judge at the first trial (see 404 F.2d 755) that plaintiff's vice-president, Hughes, "knew she was not the agent of the defendant company," was supported by the evidence at the second trial. Under the applicable New York law,

> "It is a well settled principle of agency that, as a general rule, the principal is bound by notice to or knowledge of his agent in all matters within the scope of the agency, although in fact the information may never have actually been communicated."

Hurley v. John Hancock Mutual Life Insurance Co., 247 App.Div. 547, 288 N.Y.S. 199, 202 (1936). See, also, Farr v. Newman, 14 N.Y.2d 183, 250 N.Y.S.2d 272, 199 N.E.2d 369 (Ct. of App.1964); Restatement, Agency 2d § 275, Comment f; Restatement, Agency 2d § 282, Comment c.

2. It is noted that objection on appeal to a question and answer such as that in paragraph 8 of plaintiff's Statement of Questions Involved is untimely. See Faudree v. Iron City Sand & Gravel Company, 315 F.2d 647, 651 (3rd Cir. 1963); Mead v. Sherwin, 275 Pa. 146, 118 A. 731, 732 (1922).

3. See Ridgway National Bank v. North American Van Lines, Inc., 326 F.2d 934, 936 (3rd Cir. 1964); Gerhart v. Henry Disston & Sons, Inc., 290 F.2d 778, 793 (3rd Cir. 1961).

4. Requests for charge such as Nos. 3 and 13 of defendant and the allegedly objectionable statements made by the trial judge during the charge which are enumerated at III–H and I of plaintiff's brief may not be assigned as error due to the absence of any objection "thereto before the jury retire[d] to consider its verdict." F.R.Civ.P. 51. See Bogacki v. American Machine & Foundry Company, 417 F.2d 400, 404–407 (3rd Cir. 1969); Tromza v. Tecumseh Products Company, 378 F.2d 601, 604 (3rd Cir. 1967).

5. See Gilchrist v. Mitsui Sempaku K. K., 405 F.2d 763, 766–767 (3rd Cir. 1968); Shenko v. Jack Cole Co., Inc., 147 F.2d 361, 362 (3rd Cir. 1945); Anzano v. Metropolitan Life Ins. Co. of New York, 118 F.2d 430, 435 (3rd Cir. 1941).

City Sand & Gravel Company, *supra*, 315 F.2d at 651–652; cf. Biggs v. Public Service Coordinated Transport, 280 F.2d 311, 314–315 (3rd Cir. 1960).

The judgment of the District Court will be affirmed.