**Matilda Mae HORRELL, Administratrix of the Estate of David Franklin Horrell, Deceased, Plaintiff,**

v.

**Frank SEMINSKY et al., Defendants.**

**Civ. A. No. 68–551.**

United States District Court,
W. D. Pennsylvania.

Oct. 13, 1971.

John E. Evans, Jr., of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Robert S. Grigsby, of Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendants.

## OPINION and ORDER

McCUNE, District Judge.

We are asked to grant a new trial following a verdict of the jury for defendant.

David Franklin Horrell was a pedestrian crossing Route 22, a three lane, concrete highway running east and west in Indiana County. He was struck by a car driven by Frank Seminsky and killed outright.

The accident happened between 7:30 and 8:00 P.M. on October 13, 1967, on a straight, level stretch of road near the intersection of old Route 22. The roads were dry, weather clear and the extent of light or darkness was disputed.

No one actually saw the accident but the defendant driver who was driving east in a 55 mph. zone accompanied by three others.

Shortly before the accident decedent had visited Jerry Gosha at Gosha's home north of the highway. Gosha saw decedent on his way home take a step or two into the highway but Gosha then proceeded to close a garage door.

He later saw dust south of the highway and saw the car proceeding beyond the point where the dust existed. The car traveled 200 to 250 feet beyond the point of impact according to Gosha before it stopped.

Defendant Seminsky said he was in the eastbound lane. It was dark and he was using his headlights. There was traffic approaching (it was a Friday night). He was driving at the rate of 50 mph. when he saw decedent run from the westbound lane into the eastbound lane. Defendant said he swerved to the left but could not avoid the accident and hit decedent with the right front fender. He did travel 200 to 250 feet before coming to a stop.

Defendant spoke broken English. He was a man of mature years but had not learned to speak well let alone fluently. In our view, we understood him clearly and he said that the impact took place on the hard surface of the road. There is no doubt that the decedent was thrown by the impact and ended on the south berm of the road and there is no doubt that in explaining the accident he said that decedent was on the berm of the road when he was struck. In our opinion defendant consistently used the word "when" instead of "after" and in our opinion the jury understood him to say that the impact took place on the hard surface of the road (pp. 35–37).

Nevertheless plaintiff has argued that defendant admitted that he hit decedent on the berm. Counsel for plaintiff argued that conclusion to the jury and he argues it now. There was sufficient in the record to afford him reason to so argue to the jury. However the jury apparently did not agree because the jury found that defendant had not been negligent.

We tried the issue of liability first and submitted to the jury four questions. The first two were the following:

"1. Was the defendant Frank Seminsky negligent?
Yes ————, or No ————.

2. Was the defendant Frank Seminsky's negligence the proximate cause of the accident?
Yes ————, or No————."

The next two dealt with contributory negligence. Appropriate instructions on the verdict sheet explained that if the answer to the first question was "NO" the next question need not be considered.

■ The jury answered that defendant was not negligent. They were justified in this conclusion if they accepted defendant's explanation. The way he explained it he was not guilty of any negligence.

In his motion for new trial counsel for plaintiff argues that the court erred in its instructions respecting proximate cause. After defining negligence we said that before the administratrix could recover on behalf of the decedent the administratrix must prove that the defendant was negligent and that the negligence was the sole and proximate cause of the accident or the resulting death.

The complaint goes to the word "sole." We went on to say

"Now that I have spoken of proximate cause I will define it or I will try to define it for you. The law says that the proximate cause of an event is that cause which, in natural and continuous sequence, unbroken by any new, independent cause, produces the event or the result without which the event would not have happened. You might say the proximate cause is the efficient cause. It is the cause that sets in operation the factors which cause the injury or the event."

■ The best answer to counsel's complaint is that the jury did not decide the case on the issue of proximate cause. It merely found that defendant was not negligent and there is no complaint respecting the definition of negligence in the charge.

■ In any event, upon reflection, we think the charge in its entirety was fair and it was clear enough. There was only one car involved. Proximate cause was referred to several times. The word "sole" was used only once. It is the element of substantiality in the negligent conduct which determines liability, but where the charge on liability taken as a whole is fair and balanced there is no error. See, Whitner v. Lojeski, 437 Pa. 448, 263 A.2d 889 (1970).

■ Counsel for plaintiff next argues that we should have instructed the jury that a presumption of negligence existed if decedent was hit while he was on the berm of the road.

We have already noted that we were convinced that defendant had placed the impact on the paved surface of the road and there was no contrary evidence except that decedent was found on the berm and plaintiff's witness Gosha saw dust rising from the berm after the impact.

However plaintiff's counsel argued that the impact took place on the berm.

We told the jury this after a lengthy instruction:

> "If you find that the decedent was almost entirely across the paved portion of the highway and about to reach safety and was struck by the defendant's car because of inattention, you would be entitled to find the conduct of the defendant to be negligent, and, under these conditions, whether the decedent was contributorily negligent, again, would be up to you, but I must tell you this. If the decedent ran off the road and hit the decedent while decedent was on the berm of the road, as has been inferred here or argued here, then you would be entitled to find this conduct of the defendants' to be negligent, and, under these conditions, of couse, the decedent would not be contributorily negligent because he would have been on the berm of the road, completely off the traveled portion."

The plaintiff presented no points for charge. We were not asked to charge on any presumptions whatever. At the end of the charge we asked to be corrected if there were any mistakes or omissions in the charge. At that point plaintiff's counsel complained about the wording we had used in defining proximate cause. He asked us to charge that decedent had a right to assume that the defendant would exercise care for decedent's safety and he asked for several other comments but he did not ask us to say anything further about the fact that the accident may have happened on the berm.

Under Rule 51 the plaintiff may not assign as error now our omission to charge on his contention that a presumption of negligence existed, see, Kemper v. Beneficial Standard Life Insurance Co., 425 F.2d 221 (3rd Cir. 1970).

(Such charge would have been error in any event under the circumstances of this case in our opinion).

■ Finally plaintiff's counsel contends we erred in instructing the jury that there was no evidence that defendant's car was being operated at an excessive rate of speed.

The answer to this argument is simply that we never told the jury this or anything like this.

When we invited correction after the charge plaintiff's counsel at side bar said this:

> "Next, the Court has not instructed the jury that in determining whether the defendant driver was guilty of negligence they may consider the distance the car traveled after it passed the point of collision at the intersection at which the collision occurred, and the plaintiff asks leave to take a general exception to the charge."

The court replied at side bar that it would not charge further saying this:

> "It has been admitted by the defendant that he was going 50 and that he never slowed down and never even applied his brakes and I think it is nat-

ural that he would have gone quite a distance all right after this accident happened but I don't think that the mere fact that he went beyond the scene, under these facts, is particularly probative."

All of this took place at side bar. We had charged the jury fully on the defendant's duty to have his car under control and to be attentive. The jury had heard all about the distance defendant's car traveled after the accident and counsel had argued these facts thoroughly.

In our view the case was fairly tried and the jury was justified in its verdict.