146

Henry GILMOUR

v.

STRESCON INDUSTRIES, INC., et al.

Civ. A. No. 71–451.

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1975.

**148**

Lawrence Jarvis Richette, Philadelphia, Pa., for plaintiff.

Frank C. Bender, Philadelphia, Pa., for Strescon.

F. Hastings Griffin, Jr., Philadelphia, Pa., for McHugh Bros. Crane Rentals, Inc.

David J. Griffith, Philadelphia, Pa., for P. Agnes, Inc.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is presently before the Court on plaintiff's Motions for a New Trial and/or Relief from Judgment under Rule 60 F.R.Civ.P. After considering all the grounds urged by the plaintiff, the Court has determined that it must deny both motions.

Plaintiff, an employee of P. Agnes, Inc., was injured while working as a job superintendent on a construction site in Broomall, Pennsylvania. Defendant, McHugh Brothers Crane Rental, Inc. (hereinafter called "McHugh Bros.") leased a crane with the necessary personnel to operate the crane to defendant, Strescon Industries, Inc., a sub-contractor on the job for use in the erection of the concrete work. At the trial plaintiff attempted to prove that while operating the crane, Richard McManus, an employee of McHugh Bros., caused the crane to strike an office trailer against which a ladder was leaning and upon which ladder the plaintiff was standing. The plaintiff allegedly jumped from the ladder on which he was standing out of fear for his life and thereby suffered injuries. McHugh Bros. denied that the accident ever took place; and specifically, that the crane did not strike the trailer.

This case was tried before this Court and a jury. The issues as to liability and damages were severed and the liability portion of the case was submitted to the jury on special interrogatories pursuant to Rule 49(a) of the Federal Rules of Civil Procedure. By its answers the jury found that neither of the defendants was negligent. Judgment in accordance with that verdict was entered in favor of the defendants and against the plaintiff.

## MOTION FOR A NEW TRIAL PURSUANT TO RULE 59

The first ground advanced by the plaintiff in support of his motion for a new trial is that the Court erred in excluding from the evidence the second paragraph of a report made by Richard McManus, the crane operator, to his employer, the defendant McHugh Bros. The plaintiff had called Richard McManus as a witness in an effort to corroborate the plaintiff's testimony that the crane struck the office trailer. While Mr. McManus was on the stand the plaintiff sought to have admitted into evidence a report Mr. McManus made to McHugh Bros. The report reads as follows:

"I have no knowledge of any accident or any man being hurt. I was the crane operator on the crane at the

Presbyterian Nursing Home Job August 25, 1970. We arrived on the job and put the boom in the crane with the gantry in the down position. As soon as the crane had the boom installed, we boomed up and did the job from that spot. There was no bumping of any trailer or anything on this job to the best of my knowledge.

"Henry Luff the oiler on the job told me that the gantry did scratch the trailer when the boom was being installed, but he has no knowledge of any accident.

/s/ Richard McManus"

Clearly, any out-of-court statements made to the plaintiff's witness, Mr. McManus, would be objectionable hearsay unless brought within one of the exceptions to the hearsay rule. The second paragraph of the above quoted report which the Court excluded from evidence constituted a hearsay statement of a Mr. Henry Luff. Mr. McManus' report was submitted with a transmittal letter to McHugh Bros.' liability insurance carrier and was made after suit was initiated, months after the alleged accident, and was obtained in connection with defense of the lawsuit. The plaintiff in his motion for a new trial claims that by sustaining the defendants' objection to the admission of the second paragraph of the report, the Court committed trial error. The plaintiff takes the position that Mr. McManus' statement in the report as to what Mr. Luff told him should have been admitted under one of the following exceptions to the hearsay rule.

■ The plaintiff contends that the excluded statement contained in the report of Mr. McManus should have been admitted as an admission by the defendant McHugh Bros., since it was a statement made by its employees, Richard McManus and Henry Luff.

■ It has been held in our Third Circuit that an employee's statement to his employer and not to a third party on behalf of the employer does not constitute an admission by the employer. As stated by Judge Goodrich in Nuttall v. Reading Co., 235 F.2d 546, 550 (3d Cir. 1956):

The reports were made by agents to their principal or to fellow agents and not to a third party on behalf of the principal. A third party then is in no position to argue that the employees were representing or speaking for the railroad when they made the statements. This appears to be the approach taken by the Pennsylvania courts and by most authorities.

Thus, under the prevailing rule, Mr. McManus' report containing Mr. Luff's statement did not qualify as an admission of his principal, since the report was made by an employee to his employer and not to a third party on behalf of the employer.

■ Although the rule stated in Nuttall appears to be the presently governing law in this Circuit, we do recognize that Rule 801 of the Proposed Rules of Evidence for United States Courts and Magistrates, cited to us by the plaintiff, may present a question as to whether a statement made by an agent to his principal constitutes an admission if the statement otherwise meets the requirements for an admission. Although we pose the issue, it is not decided because, as hereinafter discussed, the statement does not meet other basic requirements for an admission.

A statement to be admitted into evidence as an admission under the provisions of Rule 801 of the Proposed Rules of Evidence relied on by the plaintiff, must have been made by a person authorized by a party to make a statement concerning the subject, Rule 801 (d)(2)(C), or by an agent or servant concerning a matter within the scope of his agency or employment made during the existence of the relationship, Rule 801(d)(2)(D). In this case the plaintiff failed to satisfy either of these basic

**150**

requirements for admissibility of the hearsay as an admission.

■ The plaintiff failed to prove that Mr. Luff was authorized by McHugh Bros. either to make statements generally on behalf of McHugh Bros. or that Mr. Luff had any special authorization to make a statement with regard to the particular matter. Furthermore, the plaintiff failed to show that Mr. Luff made the statement when he was engaged in doing an act he was employed to do or which was within the scope of his employment. Mr. Luff was an "oiler" on the crane. The law of Pennsylvania, as interpreted by our Third Circuit in Moran v. Pittsburgh-Des Moines Steel Co., 183 F.2d 467 (3d Cir. 1950), is clear that statements of defendants' employees would not be received as admissions against defendants where employees did not have managerial responsibilities.

■■ The plaintiff also argues that the excluded portion of Mr. McManus' report was admissible under the "declaration against interest" exception to the hearsay rule. Plaintiff contends that the report was a declaration by an agent against the interest of his employer. To fall within the "declaration against interest" exception to the hearsay rule the declaration must state facts which are against the pecuniary or proprietary interest of the declarant and the declarant must be unavailable at the time of the trial. McCormick, Evidence, § 276 at 670 (1972); Rule 804(b)(4) Proposed Rules of Evidence. Counsel for the plaintiff at the time of trial admitted that the excluded portion of Mr. McManus' report was offered as a declaration against the interest of the declarant's employer and not the declarant Mr. Luff. It is clear that the declaration must be against the interest of the declarant and where as here the statement is offered as a declaration against the interest of the declarant's employer, the statement does not fall within this exception to the hearsay rule. Nuttall v. Reading Co., 235 F.2d 546 (3d Cir. 1956). Further-

more, the plaintiff failed to show that Mr. Luff was unavailable to the plaintiff as a witness (N.T. 3–47–49).

■ Plaintiff also argues that the written report falls within the "business records" exception to the hearsay rule. Plaintiff's claim of a "business records" exception ignores the established rule that such records may be used in evidence only if they are made in the systematic conduct of a business as a business and as a matter of routine. The document should not be one calculated for use essentially in litigating a claim. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Trout v. Pennsylvania R. R. Co., 300 F.2d 826 (3d Cir. 1962); Advisory Committee Notes, Rule 803(6), Proposed Rules of Evidence. Mr. McManus' report was submitted with a transmittal letter to McHugh Bros.' liability insurance carrier and was made after suit was initiated, months after the alleged accident, and was obtained in connection with defense of the lawsuit. Furthermore, the business record exception to hearsay requires another essential element, that is, the record must be made at or near the time of the occurrence. As heretofore stated, the evidence in this case is clear that Mr. McManus' report was not made at or near the time of the accident. Thus, the report does not come within the "business records" exception to the hearsay rule.

■ The plaintiff also contends that the excluded portion of the report was admissible under the "recorded recollection" exception to the hearsay rule. The report fails to qualify for admission under the "recorded recollection" exception. This exception to the hearsay rule is applicable only in the situation where the witness on the stand made a record concerning a matter about which the witness once had knowledge but at the time of testifying is unable to recall. Mr. Luff was not a witness; hence, the report fails to qualify for admission under the recorded recollection exception.

Lastly, the plaintiff contends that he was entitled to use the second paragraph of the report to impeach the credibility of his own witness, Mr. McManus. During redirect examination of plaintiff's witness, Mr. McManus, the attorney for the plaintiff asked the following questions and obtained the following answers (N. T. McManus, 59, 67):·

Q. Did anyone tell you that the rear of your crane struck that office trailer?

A. No.

Q. Mr. McManus, at any time between 8:00 and 9:30 that morning did your crane strike the office trailer?

A. Not to my knowledge.

The plaintiff now asserts that on the basis of these responses by his witness, Mr. McManus, the second paragraph of Mr. McManus' report should have been admitted into evidence for the purpose of impeaching the witness' credibility.

 The general rule against impeaching one's own witness has been relaxed and the tendency now is to permit the credibility of a witness to be attacked by any party including the party calling him. Commonwealth v. Tucker, 452 Pa. 584, 307 A.2d 245 (1973); Commonwealth v. Dancer, 452 Pa. 221, 305 A.2d 364 (1973); Commonwealth v. Smith, 424 Pa. 544, 227 A.2d 653 (1967); Johnson v. Baltimore & O. R. Co., 208 F.2d 633 (3d Cir. 1953); Rule 607, Proposed Rules of Evidence. The Pennsylvania Supreme Court in Commonwealth v. Smith, *supra*, 227 A.2d at 655 has stated,

> While as a general rule a party who calls a witness represents him as being worthy of belief and cannot impeach him, this rule has been considerably relaxed to prevent injustice and the tendency of the courts is to permit parties to show the truth without strict regard to technicalities.

It is elementary, however, that to impeach one's testimony through prior inconsistent statements, there must be testimony which is, in fact, inconsistent with the prior statement. In this case, Mr. McManus' report was not in any true sense contradictory or inconsistent with any testimony which he gave during the trial. The report indicates only that Mr. Luff reported that the crane *scratched* the office trailer. The report does not state that Mr. Luff said the crane *struck* the office trailer. Under these circumstances, the introduction of the second paragraph of the report would merely have served to introduce flagrant hearsay. See Taylor v. Baltimore & Ohio R. R., 344 F.2d 281 (2d Cir. 1965); 3A Wigmore, Evidence § 904 (Chadbourn rev. 1970).

The plaintiff claimed that the force of the crane striking the office trailer caused him to jump from a ladder which was leaning against the trailer. The defendants denied the happening of any such incident. To prove his case the plaintiff was permitted by the Court to testify as to res gestae statements of several Strescon employees who the plaintiff said told him that the crane backed into the office trailer. The Court presented the plaintiff with the opportunity to produce Mr. Luff as a witness and although plaintiff's counsel stated that he had been unable to locate Mr. Luff, the plaintiff on redirect testified (N.T. 3–46–47):

Q. Now, Mr. Gilmour, did you know this man, Henry Luff?

A. No, I did not.

Q. When did you find out where he lived?

A. It was when you [plaintiff's counsel] called me. You knew where he was but you could not contact him in any way, just to ask him to contact you, and that was all.

And on recross the plaintiff testified (N.T. 3–48–49):

Q. How do you know where Mr. Luff lives?

A. The address was given to me.

Q. The address was given to you?

A. Yes.

Q. And how did you obtain the address?

A. From [plaintiff's counsel].

Q. And did you contact Mr. Luff?

A. Yes, I did.

Q. And how did you make contact with him?

A. I talked to him through the front door.

Q. At his residence?

A. At his residence.

Q. And when did you do this?

A. I don't know the exact date, sir.

Q. Was your conversation with him in reference to your accident?

A. No, it was not.

Q. Are you a social friend of Mr. Luff?

A. Let me rephrase that. If you say in relation to the accident, it was to ask him to contact [plaintiff's counsel] because [plaintiff's counsel] could not contact him in any way. He had an unlisted telephone.

Q. Okay. And that's the only conversation you had with Mr. Luff?

A. That's all I had.

The above testimony of the plaintiff does not lead one to the conclusion that Mr. Luff was unavailable as a witness.

The plaintiff is seeking a new trial claiming prejudicial error in the exclusion of the second paragraph of the report of Mr. McManus. We have discussed our reasons for refusing to admit this hearsay portion of the report and have found no error. The importance of Rule 61 F.R.Civ.P. in its application to a motion for a new trial cannot be overlooked. Rule 61, in pertinent part, provides:

No error in either the admission or exclusion of evidence . . . is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

This rule admonishes the Court to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties". The Court finds that its refusal to admit the hearsay statement of Mr. Luff is in no way inconsistent with substantial justice.

The second ground advanced by the plaintiff in support of his motion for a new trial is that counsel for the defendant McHugh Bros. made an improper closing address to the jury. Intertwined with that assertion is the plaintiff's contention that the Court failed to properly charge the jury in light of defense counsel's allegedly improper closing. The plaintiff neither objected to the Court's charge to the jury nor did the plaintiff object to the alleged impropriety of defense counsel's closing address during or after that address; hence, plaintiff is now precluded from seeking a new trial based on these untimely objections. Rules 46 and 51 F.R. Civ.P. Don Kemper Co. v. Beneficial Standard Life Ins. Co., 425 F.2d 221 (3d Cir. 1970); Giffin v. Ensign, 234 F.2d 307 (3d Cir. 1956); Henwood v. Chaney, 156 F.2d 392 (8th Cir. 1946).

The last point advanced by the plaintiff in support of his motion for a new trial, although he has not favored us with a brief supporting this point, is that he was prejudiced by the fact that the jury's two-week term ended on the Friday prior to the Monday on which the jury returned its verdict for the defendants. The plaintiff argues that the jury knew that if it found in favor of the plaintiff on the liability portion of the case, the jury would be required to sit through the damage portion of the case thereby carrying them into a third week

of jury duty. This contention is patently frivolous and devoid of any merit.

Accordingly, for all the above reasons, this Court concludes that plaintiff's contentions in support of his motion for a new trial, pursuant to Rule 59 F.R.Civ.P., lack sufficient merit for this Court to order a new trial.

## MOTION FOR RELIEF UNDER RULE 60

 The plaintiff moves this Court to vacate the judgment entered in this matter in accordance with Rule 60 (b)(3) F.R.Civ.P. In support of this motion, the plaintiff avers that his witness, Mr. Richard McManus, the crane operator employed by McHugh Bros., committed perjury when he stated under oath (1) that he never made a report regarding the accident in question, and (2) that no one ever told him nor did he have knowledge that the rear of his crane struck the office trailer. The plaintiff argues that by so testifying, Mr. McManus "lied", clearly committing perjury, and thereby entitling the plaintiff to relief under Rule 60(b)(3) F.R.Civ.P.

Rule 60(b)(3) provides:

(b) On motion or upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

One who asserts that an adverse party obtained a verdict through fraud or misconduct has the burden of proving such assertion by clear and convincing evidence. Brown v. Pennsylvania Railroad Co., 282 F.2d 522 (3d Cir. 1960); Moore's Federal Practice, ¶ 60.24 [5] n. 22. To justify setting aside a judgment on the ground of fraud or misconduct under Rule 60(b)(3), the acts or conduct of the adverse party must be such as prevented the losing party from fully and fairly presenting his case. Keys v. Dun-

bar, 405 F.2d 955 (9th Cir. 1969). A Rule 60 motion will be denied if it is merely an attempt to relitigate the case, Mastini v. American Telephone & Telegraph Co., 369 F.2d 378 (2d Cir. 1966); Hawkins v. Lindsley, 327 F.2d 356 (2d Cir. 1964); Cooper Agency v. United States, 327 F.Supp. 948 (D.S.C.1971); or if the Court otherwise concludes that fraud has not been established, Chas. Pfizer & Co. v. Davis Edwards Pharmacal Corp., 385 F.2d 533 (2d Cir. 1967); DiVito v. Fidelity & Deposit Co. of Maryland, 361 F.2d 936 (7th Cir. 1966). Plaintiff has failed to show by clear and convincing evidence that there was any fraud perpetrated in the conduct of this case. Plaintiff's charge of perjury against Mr. McManus is completely without basis.

Although the transcript does contain a denial by Mr. McManus that he made a report to his employer of the incident, when Mr. McManus was confronted with his report of March 22, 1971, he admitted making the report. Mr. McManus was apparently confused as to what was meant by a "report" of the accident because when confronted with the letter he wrote to his employer many months after the occurrence, he freely admitted having written the letter. An admission of a mistake by a witness during the course of trial does not constitute perjury. It was for the jury to evaluate Mr. McManus' initial denial and give whatever weight to his testimony deemed appropriate. In any event, the plaintiff was not prejudiced. Furthermore, the report itself, with the hearsay second paragraph deleted, was admitted into evidence.

Plaintiff also bases his claim for relief under Rule 60 on the ground that Mr. McManus allegedly "lied" when he stated that no one ever told him nor did he have knowledge that the rear of his crane struck the office trailer. As heretofore discussed, the witness' responses to these questions were not contradictory nor inconsistent with his prior statement.

Plaintiff's Motion for Relief under Rule 60 F.R.Civ.P. is denied.

Accordingly, the following Order is entered:

### ORDER

And now, to wit, this 6th day of February, 1975, it is hereby ordered that the Plaintiff's Motion for a New Trial and/or Relief from Judgment under Rule 60 F.R.Civ.P. are denied.